## ROBERTSON v. GLENDENNING.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

No. 55.    Argued November 4, 1889. — Decided November 18, 1889.

When an article is designated in a tariff act by a specific name, and a duty imposed upon it by such name, general terms in a later part of the same act, although sufficiently broad to comprehend such article, are not applicable to it.

Under the act of March 3, 1883, 22 Stat. 489, embroidered linen handkerchiefs are subject to a duty of thirty-five per cent ad valorem as "handkerchiefs;" and not to thirty per cent ad valorem as "embroideries."

This was an action to recover duties alleged to have been illegally exacted. Judgment for plaintiff, to which defendant sued out this writ of error. The case is stated in the opinion.

*Mr. Solicitor General* for plaintiff in error.

*Mr. Stephen G. Clarke* for defendant in error.

Mr. Chief Justice Fuller delivered the opinion of the court.

This is an action brought to recover an alleged excess of duties exacted by the collector at the port of New York. Defendants in error had imported certain embroidered linen handkerchiefs, upon which the collector, the plaintiff in error, assessed a duty of thirty-five per cent ad valorem, under the eighth paragraph of Schedule J of § 2502 of title 33 of the Revised Statutes, as enacted by § 6 of the act of March 3d, 1883, 22 Stat. 488, 507, which reads:

"Brown and bleached linens, ducks, canvas, paddings, cot bottoms, diapers, crash, huckabacks, handkerchiefs, lawns or other manufactures of flax, jute or hemp, or of which flax, jute or hemp shall be the component material of chief value, not specially enumerated or provided for in this act, thirty-five per centum ad valorem."

The defendants in error paid this duty under protest, claim-

ing that the goods were only liable to thirty per cent ad
valorem, under the eleventh paragraph of the same schedule,
as follows :

"Flax or linen laces and insertings, embroideries, or manu-
factures of linen, if embroidered or tamboured in the loom or
otherwise, by machinery or with the needle or other process,
and not specially enumerated or provided for in this act, thirty
per centum ad valorem."

Samples of the goods in question were produced in evidence
and it appeared that the body of the cloth was linen cambric,
that is, made of flax ; that the articles were known in trade as,
and were in fact, embroidered handkerchiefs ; and that the
embroidery was a substantial part of the handkerchief, and
was done with cotton.

All the requirements as to protest, appeal and time of bring-
ing suit having been complied with, the court directed a verdict
for the importers for the difference claimed, upon which judg-
ment was rendered, and the cause is brought here on writ of
error.

The articles in controversy were embroidered linen handker-
chiefs ; and it is contended in support of the judgment that
the provisions of the statute should be treated as if they read :
"On linen handkerchiefs thirty-five per cent ad valorem, but,
if embroidered, thirty per cent ad valorem."

We cannot concur in this construction. The word "hand-
kerchiefs" is denominative and not merely descriptive, and
when an article is designated by a specific name, and a duty
imposed upon it by such name, general terms in a later part of
the same act, although sufficiently broad to comprehend such
article, are not applicable to it. *Arthur* v. *Lahey*, 96 U. S. 112,
113, and cases cited.

The eighth paragraph covers handkerchiefs and also "other
manufactures of flax, jute or hemp, or of which flax, jute or
hemp shall be the component material of chief value," and the
eleventh paragraph applies to flax or linen laces, insertings,
embroideries or manufactures of linen, if embroidered or tam-
boured, and not specially enumerated or provided for in the
act.

Where manufactures. of linen, other than those enumerated in the first provision, are embroidered or tamboured they are subjected to the rate specified in the second provision. "The test of the rate of duty is that of embroidery or not." *Arthur v. Homer*, 96 U. S. 137, 140. In that case, certain linen embroidered dress-patterns had been imported into the port of New York, and were held dutiable at the rate imposed on embroidered manufactures of linen. The acts of March 2, 1861, of July 14, 1862, and of June 30, 1864, and the Revised Statutes of 1874, bearing upon the subject, were considered. By none of these acts were such dress-patterns specifically enumerated as subject to a different duty. But linen handkerchiefs were, as by the act of 1883 they are, mentioned as among the linen goods for which a certain rate was designated.

In *Solomon* v. *Arthur*, 102 U. S. 208, 211, 212, Mr. Justice Bradley, delivering the opinion of the court, makes the distinction between the use of a description applicable to many kinds of goods having different names, and the use of the specific name itself, entirely clear, and upon that distinction the disposition of the case turned.

We consider that distinction applicable here, and hold that these handkerchiefs, although embroidered, did not fall within the second provision.

The judgment must be

*Reversed and the cause remanded, with instructions to grant a new trial, and it is so ordered.*