*In re* SCHEFER *et al.*

(*Circuit Court, S. D. New York.* March 9, 1892.)

CUSTOMS DUTIES—CLASSIFICATION—WORSTED SHAWLS EMBROIDERED.

Worsted shawls, embroidered with silk, are dutiable as worsted shawls under Schedule K, par. 392, tariff act of October 1, 1890, and not as embroideries made of, worsted, under the proviso contained in paragraph 373, Schedule J, and paragraph 398, Schedule K, of said tariff act.

At Law. Application by the importers under the provisions of section 15 of the act of congress, entitled "An act to simplify the laws in relation to the collection of the revenues," approved June 10, 1890, for a review by the United States circuit court of the decision of the board of United States general appraisers at the port of New York, affirming the decision of the collector on the classification for duty of certain merchandise imported into said port in the month of April, 1891. The merchandise in question consisted of so-called shawls, being manufactures of worsted embroidered with silk. They were returned by the United States appraiser as "worsted shawls, embroidered, 60/60," and duty was assessed thereon by the collector at the rate of 60 cents per pound, and 60 per centum *ad valorem* under the provisions of paragraph 398 of Schedule K, and the proviso contained in paragraph 373, Schedule J, of the tariff act of October 1, 1890. Said paragraph 398, omitting the provisions immaterial to this case, is as follows:

"On webbings, * * * and embroideries * * * wrought by hand or braided by machinery, * * * made of wool, worsted, the hair of the camel, goat, alpaca, or other animals, * * * the duty shall be sixty cents per pound, and in addition thereto sixty per centum *ad valorem.*"

The proviso in paragraph 373 is as follows:

"Provided that articles of wearing apparel, and textile fabrics, when embroidered by hand or machinery, and whether specially or otherwise provided for in this act, shall not pay a less rate of duty than that fixed by the respective paragraphs and schedules of this act upon embroideries of the materials of which they are respectively composed."

Against this classification the importers protested, claiming (1) that the goods were specifically provided for in Schedule K, paragraph 392, of the act of October 1, 1890, and, being worth over 40 cents per pound, were dutiable at 44 cents per pound, and 50 per centum *ad valorem;* or (2) that the shawls were dutiable as wearing apparel under paragraph 396 of Schedule K of said tariff act; or (3) that the goods were not at and prior to October 1, 1890, commercially known as "embroideries." Said paragraph 392, as far as applicable, provides as follows:

"On woolen or worsted cloths, shawls, * * * valued at above forty cents per pound, the duty per pound shall be four times the duty imposed by this act on a pound of unwashed wool of the first class, and, in addition thereto, fifty per centum *ad valorem.*"

The board of United States general appraisers affirmed the decision of the collector, and the importers thereupon procured the return of the

said board of general appraisers to be filed in the United States circuit court pursuant to the provisions of the above-mentioned act of June 10, 1890; and, there being no issue of fact involved, the case came on to be tried in the circuit court upon the return of the said board of general appraisers.

On behalf of the government it was urged by the United States attorney that the pronoun "they," occurring in the last clause of the proviso in paragraph 373, namely, "upon embroideries of the materials of which they are respectively composed," referred to the substantives which were the subjects of the proviso, namely, "articles of wearing apparel and textile fabrics;" and that the intent of congress was that no article or fabric composed of wool or worsted, even if embroidered with other materials, should be admitted at a less rate of duty than that provided for embroideries made of wool or worsted in paragraph 398 of the tariff act under consideration; and that these goods, being embroidered shawls, which were articles of wearing apparel composed of worsted, should pay the duty as if they were embroideries made of worsted. The counsel for the importers contended that the pronoun "they" in the last clause of the proviso in paragraph 373 referred to the noun "embroideries," which more immediately preceded it; and urged that the shawls in question should not be entered at a less rate of duty than that affixed upon embroideries of silk under paragraph 413, namely, 60 per centum *ad valorem*, which in this case was much less than the amount contended for in the importers' protest, and which they were willing to pay, namely, 44 cents per pound, and 50 per centum *ad valorem*, under paragraph 392.

*Curie, Smith & Mackie*, for importers.

*Edward Mitchell*, U. S. Atty., and *James T. Van Rensselaer*, Asst. U. S. Atty.

LACOMBE, Circuit Judge. It seems to me to be plain that what congress meant to provide by this clause was this: that you shall not get in any of your woolen articles at any less rate than that which is specifically fixed for them, by putting some ornamentation upon them, and saying that that makes them specifically a different article, which should come in at a less rate; that you shall not do that with any other kind of goods which you may embroider; and, if the embroidery which you put on an article is of a material which pays a higher rate of duty when embroidered than the article which you put it on, you shall pay on that article when you bring it in just the same rate of duty that you would if bringing in the embroidery without using any vehicle to get it into this country. I think that was the intent of congress. And this being a shawl, and being provided for as a "woolen shawl," and having a particular duty imposed upon it in the wool schedule, at such a rate as congress supposed was sufficient to protect the industry of manufacturing woolen shawls, I do not see why the entire intent of congress is not accomplished by the provision that it shall not escape the operation of that schedule by coming in at a less rate if a cheaper embroidery is put upon it. In order to avoid that, they provide specifically that

it shall not, under any circumstances, pay a less rate than the duty imposed upon the embroidery that is put on it.  I cannot see that the proviso means what the board of appraisers seem to think it was meant to accomplish; it seems to me it means just as plainly the opposite.  The decision is reversed.