In re SCHEFER et al.

(Circuit Court of Appeals, Second Circuit. February 7, 1893.)

1. CUSTOMS DUTIES—CLASSIFICATION—WORSTED SHAWLS EMBROIDERED.

Worsted shawls embroidered with silk, and worth over 40 cents per pound, are dutiable at 44 cents per pound and 50 per cent. ad valorem, as worsted shawls, under paragraph 392, of the act of October 1, 1890, and not at 60 cents per pound and 60 per cent. ad valorem, as embroideries made of worsted, under paragraph 398 and the proviso of paragraph 373 of said act. 49 Fed. Rep. 826, affirmed.

2. SAME.

The main object of the proviso of paragraph 373 of the tariff act of October 1, 1890, was to prevent the classification by their specific names of articles embroidered with some material, which classification would render them dutiable at a lower rate than embroideries of that material; but such articles may be dutiable at a greater rate, because a higher duty may be imposed upon articles of that specific description.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Proceeding by Schefer, Schramm & Vogel to review a decision of the board of general appraisers, affirming the decision of the collector of the port of New York in assessing duties upon worsted shawls embroidered with silk, and worth over 40 cents per pound. The circuit court reversed the decision. 49 Fed. Rep. 826. The United States appeal. Affirmed.

James T. Van Rensselaer, Asst. U. S. Atty., for appellant.
W. Wickham Smith, for appellee.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. This is an appeal from a decree of the circuit court for the southern district of New York, which reversed the decision of the board of United States general appraisers, which affirmed the decision of the collector of the port of New York respecting the classification for duty of certain merchandise imported in April, 1891. The importations were worsted shawls embroidered with silk. Worsted shawls of the value of those in question are dutiable, under paragraph 392 of the act of October 1, 1890, at 44 cents per pound, and, in addition thereto, 50 per cent. ad valorem. The collector imposed a duty of 60 cents per pound and 60 per centum ad valorem, under paragraph 398 of the said act, which placed that duty upon embroideries made of worsted, and under the general proviso contained in paragraph 373 of the same act, which is as follows:

"Provided, that articles of wearing apparel and textile fabrics, when embroidered by hand or machinery, and whether specially or otherwise provided for in this act, shall not pay a less rate of duty than that fixed by the respective paragraphs and schedules of this act upon embroideries of the materials of which they are respectively composed."

Silk embroideries are dutiable under the act of 1890 at 60 per cent. ad valorem,—a less rate of duty than that upon worsted shawls. Flax, jute, and cotton embroideries are also dutiable at 60 per

cent. ad valorem. The importers' protest was upon the theory that, as the shawls did not contain worsted embroideries, they were not dutiable under paragraph 398, and, as a less duty was imposed upon silk embroideries than upon worsted shawls, the importations were properly dutiable under paragraph 392. The question depends upon the proper construction of the quoted proviso contained in paragraph 373.

The government contends that embroidered articles shall not pay a less rate of duty than that fixed upon embroideries of any of the materials of which the articles are composed; for example, a worsted shawl, with silk or cotton or jute embroidery, shall not pay less than the rate imposed upon worsted embroideries. This construction is grammatically consistent with the language of the proviso, but is inconsistent with its apparent object. The entire wool and worsted schedule shows that it was the intention of congress to place a very high rate of duties upon articles manufactured from wool or worsted, and this intent is as plainly manifested in the worsted embroidery section as in any other clause. Very plain language is required to make it manifest that the further intent of congress was that a worsted fabric, when embroidered with cotton, should pay the same rate of duty that is imposed upon worsted embroideries. The proviso by no means requires or compels such a construction. The main object of the proviso was to prevent a classification, by their specific names, of articles embroidered with some material, which classification might enable them to be dutiable at a lower rate of duty than is imposed upon embroideries of that material. The proviso therefore prescribes that such articles shall not pay a less rate of duty than is imposed upon embroideries of that material, but they may be dutiable at a greater rate, because a higher duty may be imposed upon articles of that specific description. Thus, an article of wearing apparel, of whatever material composed, which is embroidered with silk, shall not pay a less rate of duty than that imposed upon silk embroideries. The proviso guarded against the importation of embroideries at a lower rate of duty than was imposed upon them, under the claim that the article was not embroidery, but a textile fabric or wearing apparel. The intent was to preserve the rates of duty which the statute imposes upon the embroideries specified therein, but it was not to make articles not embroidered with a material pay the same rate as if they had been embroidered with that material.

It is said by the government that, inasmuch as no duty has been placed upon metal embroideries, this construction prevents this proviso from having an effect upon worsted fabrics ornamented with gold or silver embroidery. We do not perceive that this result furnishes an argument against the construction. The fact that congress has not imposed a duty upon metal embroideries eo nomine suggests no reason that a construction should be given to this proviso which would impose upon a worsted fabric embroidered with metal the duty upon worsted embroidery, unless the statute clearly requires that construction.

The decree of the circuit court is affirmed.