CARTER, WEBSTER & CO. v. UNITED STATES.

(Circuit Court, D. Maryland. March 17, 1905.)

CUSTOMS DUTIES—CLASSIFICATION—EMBROIDERED HOSIERY.

The provision in paragraph 339, Tariff Act July 24, 1897, c. 11, § 1, Schedule J, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662], that "no wearing apparel * * * when embroidered * * * shall pay duty at a less rate than that imposed in any schedule of this act upon any embroideries of the materials of which such embroidery is composed," is not limited to wearing apparel not specially enumerated in the tariff; and embroidered hose, though covered by paragraph 318, Schedule I, of said act (30 Stat. 179 [U. S. Comp. St. 1901, p. 1660]), relating to "hose and half hose," are subject to the embroidery rate when that exceeds the rate provided in said paragraph 318.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision in question affirmed the assessment of duty by the collector of customs at the port of Baltimore on merchandise imported by Carter, Webster & Co. Note G. A. 4,721, T. D. 22,357, and G. A. 5,235, T. D. 24,073.

Hatch, Keener & Clute (J. Stuart Tompkins, of counsel), for appellants.

John C. Rose, U. S. Dist. Atty.

MORRIS, District Judge. The importations were cotton half hose, in open work or lace effects, having embroidered upon them dots or other designs in silk thread. They were assessed for duty at the rate of 60 per cent. ad valorem, under paragraph 339 of the tariff act of July 24, 1897, c. 11, § 1, Schedule J, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662], 60 per cent. ad valorem being a greater duty than the compound rate imposed by paragraph 318 of the same act (chapter 11, § 1, Schedule I, 30 Stat. 179 [U. S.

Comp. St. 1901, p. 1660]), upon cotton half hose without embroidery.

The importers claim that the merchandise is dutiable at the compound rate under paragraph 318, viz., 70 cents per dozen and 15 per cent. ad valorem, upon the ground that paragraph 318 specially provides that stockings, hose, and half hose, and clocked stockings, hose, and half hose, composed of cotton or other vegetable fiber, valued at more than $1.50 and not more than $2 per dozen pairs, should be dutiable at 70 cents per dozen pairs, and in addition 15 per cent. ad valorem. Paragraph 339 imposes a duty of 60 per cent. ad valorem on laces and articles made in part of lace, trimmings, braids, and a number of other articles, "wearing apparel, handkerchiefs, and other articles or fabrics embroidered in any manner by hand or machinery, whether with a letter, monogram or otherwise, composed wholly or in chief value of flax, cotton or other vegetable fiber and not elsewhere specially provided for," provided that no wearing apparel or other article or textile fabric, when embroidered by hand or machinery, shall pay duty at a less rate than that imposed in any schedule of this act upon any embroideries of the materials of which such embroidery is composed.

It is claimed by the importers that half hose are specifically named by their well-known designation in paragraph 318, and that they do not cease to be cotton half hose because they are decorated by silk embroidery; that the proviso of paragraph 339 is an additional provision for embroidered articles under descriptive terms, and applies only to such articles as are not specially provided for in the act; so that the proviso in effect stands as if it read that no wearing apparel or other article or textile fabric not specially enumerated or provided for in the act shall pay duty at a less rate than is imposed upon embroideries of the material of which such embroidery is composed, and that if it had been intended otherwise the provision would have been worded as was a corresponding proviso in paragraph 373 of the act of October 1, 1890, c. 1244, § 1, Schedule J, 26 Stat. 594, which read "that articles of wearing and textile fabrics when embroidered by hand or machinery, and whether specially or otherwise provided for in this act, shall not pay a less rate of duty than that fixed by the respective paragraphs and schedules of this act upon embroideries of the materials of which they are respectively composed."

This argument would seem to overlook the fact that embroidered half hose are not specially provided for. Half hose are not embroidered half hose, but they are an article of wearing apparel embroidered by "hand or machinery." The classification in this case is not made upon the ground that the articles in question are embroideries, but upon the ground that they are wearing apparel embroidered by hand or machinery, and paragraph 339 distinctly enacts that no wearing apparel when embroidered shall pay less duty than embroideries of the same materials. Under the fair interpretation of the wording it would seem not necessary to find that the articles in question are embroideries, but simply that

they are wearing apparel embroidered by hand or machinery. They are not material for wearing apparel like dress patterns, but are themselves complete articles of wearing apparel. Under such a provision it would seem that the fact that the particular article of wearing apparel, to wit, cotton half hose, is specifically mentioned in paragraph 318, is not controlling, for the reason that paragraph 339 contemplates that, although specific articles of wearing apparel are provided for by other paragraphs of the act, yet it intentionally provides that if such articles of wearing apparel are embroidered they shall pay 60 per cent., unless by the paragraph in which such wearing apparel is specifically mentioned the duty imposed is greater than 60 per cent. As to all embroidered stockings, hose, and half hose of the value exceeding $3 per dozen, the compound duty at $2 per dozen pairs, plus 15 per cent. ad valorem, would exceed 60 per cent. ad valorem, and they would remain dutiable at the compound rate under paragraph 318.

The present case would seem, therefore, altogether distinguishable from the class of cases in which it has been held that an article designated by its commercial designation or other specific name is liable to the duty imposed upon it by that name, and not to that imposed by general terms sufficiently broad to have included such article, for the reason that a specific designation, eo nomine, must prevail over general words. Arthur v. Lahey, 96 U. S. 112, 24 L. Ed. 766; Robertson v. Glendinning, 132 U. S. 158, 10 Sup. Ct. 44, 33 L. Ed. 298.

In Arthur v. Homer, 96 U. S. 137, 24 L. Ed. 811, manufactures of linen were dutiable at a certain rate, and manufactures of linen if embroidered, by another section, at a different rate. The Supreme Court said, "The test of the rate of duty we are considering is that of embroidery or not," and so I think the test is in this case.

In Re Schefer (C. C.) 49 Fed. 826, and on appeal, 53 Fed. 1011, 4 C. C. A. 153 (1893), the importation was worsted shawls embroidered with silk. Under the act of 1890 the worsted shawls eo nomine were dutiable at 44 cents per pound and 50 per cent. ad valorem. The act contained a provision similar to the act now under discussion, to the effect that wearing apparel, when embroidered, should not pay a less rate of duty than embroideries of the materials of which they were respectively composed. By the act of 1890 embroideries made of wool were dutiable at 60 cents per pound and 60 per cent. ad valorem, and, classifying these embroidered woolen shawls as embroideries made of wool, the collector assessed on them 60 cents per pound and 60 per cent. ad valorem. The Circuit Court of Appeals held that the main object of the proviso was to prevent a classification by their specific names of articles embroidered with some material which might enable them to be dutiable at a lower rate than is imposed upon embroideries of that material, and the court proceeds to say:

"The proviso therefore prescribes that such articles shall not pay a less rate of duty than is imposed upon embroideries of that material, but they may be dutiable at a greater rate because a higher rate may be imposed upon

articles of that specific description. Thus, an article of wearing apparel, of whatever material composed, which is embroidered with silk, shall not pay a less rate of duty than that imposed upon silk embroideries."

Silk embroideries were dutiable under the act of 1890 at 60 per cent. ad valorem, a less rate of duty than was imposed upon worsted shawls, and so the court held that the importation was dutiable at the rate prescribed specifically for worsted shawls. This case is an authority for the proposition that in the present case it is the silk embroidery upon the cotton half hose which, being dutiable at a greater rate than that upon the half hose themselves, determines the rate properly dutiable.

It is urged on behalf of the importer that the proviso of the act of 1890 contained the words "that wearing apparel, when embroidered, and whether specially or otherwise provided for in this act," and that these words not appearing in the proviso of the act of 1897 is evidence of a change of intention on the part of Congress. It seems plain, however, that the act of 1897 in using the language, "provided that no wearing apparel * * * when embroidered * * * shall pay a less duty," etc., expresses an intention quite as clear and to the same effect.

It is suggested that the small amount of embroidery upon the half hose of some of the importations in question is not sufficient to constitute embroidery within the meaning of the act. The fact is, however, that the importations are entered and scheduled as "embroidered hosiery." The embroidery is quite a feature in the appearance of the article, is a very obvious decoration, and without doubt adds to the cost and salable value of the article. U. S. v. Altman, 107 Fed. 15, 46 C; C. A. 116.

The intention of Congress is shown by the fact that in paragraph 339, "wearing apparel, handkerchiefs, and other articles and fabrics embroidered in any manner by hand or machinery, whether with a letter, monogram or otherwise," are classed among embroideries at 60 per cent. ad valorem.

The decision of the Board of General Appraisers is affirmed.