CARTER, WEBSTER & CO. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. February 6, 1906.)

No. 608.

1. CUSTOMS DUTIES—CLASSIFICATION—EMBROIDERED HOSIERY.

The proviso in paragraph 339, Schedule J, § 1, Tariff Act July 24, 1897, c. 11, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662], prescribing that no embroidered wearing apparel, etc., "shall pay duty at a less rate than that imposed in any schedule * * * upon any of the embroideries of the materials of which such embroidery is composed," is not restricted to the articles previously enumerated in the same paragraph, but extends to other portions of the act. Silk-embroidered cotton hosiery is therefore dutiable at the rate applicable to silk embroideries, when such rate exceeds that provided for cotton hosiery in paragraph 318, Schedule I, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1660.]

2. SAME—SPECIFIC DESIGNATION.

With respect to embroidered hosiery, the provision in paragraph 339, Schedule J, § 1, Tariff Act July 24, 1897, c. 11, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662], for "wearing apparel * * * embroidered in any manner by hand or machinery, * * * composed wholly or in chief value of flax, cotton, or other vegetable fiber, * * * and not elsewhere specially provided for," is less specific than the provision in paragraph 318, Schedule I, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1660], for "stockings, hose and half-hose * * * composed of cotton or other vegetable fiber."

3. STATUTORY CONSTRUCTION—SCOPE OF PROVISO.

While ordinarily a proviso is to be strictly construed and held confined to what precedes it, yet, when manifestly intended to be applied generally to the entire act, it must be so treated and construed.

Appeal from the Circuit Court of the United States for the District of Maryland.

For decision below, see 137 Fed. 978, affirming a decision of the Board of United States General Appraisers, which had affirmed the assessment of duty by the collector of customs at the port of Baltimore. Note G. A. 4,721 (T. D. 22,357).

This was an appeal by the importers from a decision of the Circuit Court of the United States for the District of Maryland sustaining the decision of the Board of United States General Appraisers as to the proper duties collectible upon certain merchandise imported by them per vessel Karlsruhe, January 5, 1901, and subject to duty under the provisions of "An act of Congress to provide revenue for the government, and to encourage the industries of the United States," approved and which took effect July 24, 1897. The importation which was the subject of the protest and the subsequent decision of the Board of General Appraisers, and of the Circuit Court for the District of Maryland, is thus described in Exhibit D: "Certain hose and half-hose of cotton in open work or lace effects, and having embroidered upon them dots or other designs in colored silk thread." The controversy between the importers and the government was as to whether the importation was dutiable under the provisions of paragraph 318, Act July 24, 1897, c. 11, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1660], as is contended by the former, or under those of the proviso to paragraph 339, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662], as is contended by the latter.

Those paragraphs, in so far as they are applicable or important to be considered, read as follows:

"318. Stockings, hose and half-hose, selvedged, fashioned, narrowed, or shaped wholly or in part by knitting machines or frames, or knit by hand, including such as are commercially known as seamless stockings, hose and half-hose, and clocked stockings, hose or half-hose, all of the above composed of cotton or other vegetable fiber, finished or unfinished. * * * "

"339. * * * Embroideries, and all trimmings, including braids, edgings, insertings, flouncings, galloons, gorings and bands; wearing apparel, handkerchiefs, and other articles or fabrics embroidered in any manner by hand or machinery, whether with a letter, monogram, or otherwise; * * all of the foregoing composed wholly or in chief value of flax, cotton or other vegetable fiber, and not elsewhere specially provided for in this Act, whether composed in part of india rubber or otherwise, sixty per centum ad valorem: Provided, that no wearing apparel or other textile fabric, when embroidered by hand or machinery shall pay duty at a less rate *than that imposed in any schedule in this Act upon any of the embroideries of the materials of which such embroidery is composed.*" (Italics ours.)

Under paragraph 318 a specific duty is levied upon each dozen pairs imported, the duty varying with the price per dozen pairs, and in addition thereto, an ad valorem duty is imposed. Upon some of the grades of half hose, the provisions of paragraph 318 would impose a duty in excess of the 60 per cent. ad valorem duty levied by the collector on this importation, but it is admitted that in the case at bar the duty provided by paragraph 318 is less than 60 per cent. ad valorem.

The assignments of error relied upon by the appellants are as follows: "First. In that the said court held that the merchandise in suit was dutiable at 60 per cent. ad valorem under paragraph 339 of the tariff act of July 24, 1897. Second. In that the said court held that said merchandise was not dutiable under paragraph 318 of said tariff act. Third. In that the said court held that said merchandise was not specifically provided for in paragraph 318 of said tariff act. Fourth. In that the said court held that said merchandise was more specifically or aptly described in paragraph 339 of said tariff act than in paragraph 318 of said act. Fifth. In that the said court did not hold that said merchandise was classifiable and dutiable, either directly, or by similitude, at the appropriate rate under paragraph 318 of said tariff act, according to value per dozen pairs. Sixth. In that the said

court did not hold that said merchandise was classifiable and dutiable as claimed by the importers either directly, or by similitude, at 30 per cent. ad valorem under paragraph 317 of said tariff act. Seventh. In that the said court affirmed the decision of the Board of General Appraisers. Eighth. In that the said court did not reverse the decision of the Board of General Appraisers, and sustain the protests."

J. Stuart Tompkins (Hatch, Keener & Clute, on the brief), for importers.

John C. Rose, U. S. Atty.

Before PRITCHARD, Circuit Judge, and WADDILL, and KELLER, District Judges.

KELLER, District Judge (after making the foregoing statement). This case depends upon the proper construction and application of the proviso contained in paragraph 339 of the tariff act of July 24, 1897, and it was admitted in argument that, if that proviso was applicable to other schedules in the act than those contained in paragraph 339 itself, the appellants could not win this case; but it was strenuously contended that the operation of this proviso was limited entirely to the things mentioned in that paragraph. We will hereinafter discuss the purpose and effect of this proviso.

The appellants contend with force and effect that the commercial classification in paragraph 318 (and also 317) is more apt, specific, and definite, as applied to the articles embraced in this importation, than that found in the body of paragraph 339, and hence that the provisions of paragraph 339 cannot provide the duty to be imposed. This, we think, may at once be conceded, and, as the government contends that paragraph 318 is applicable to half hose embroidered, whenever the duties imposed by that paragraph exceed 60 per cent. ad valorem, it would be very inconsistent to hold that paragraph 318 specifically describes embroidered half hose of one cost value, and does not so describe the same article having another cost price. We have no hesitancy, then, in holding that the provisions of the body of paragraph 339, eo nomine, do not apply to this importation, and, in so far as the opinion of the district judge holds that they do so apply, his opinion is disapproved for the reasons hereinbefore given. Were paragraph 339 denuded of its proviso, we would, we think, be bound to hold that this importation would be dutiable under the provisions of paragraph 318.

This brings us to consider the proper interpretation and effect of the last clause embodied in paragraph 339, which reads as follows:

"Provided, that no wearing apparel or other article or textile fabric, when embroidered by hand or machinery shall pay duty at a less rate than that imposed in any schedule of this act upon any of the embroideries of the materials of which such embroidery is composed."

It is familiar doctrine that a proviso is to be strictly construed, and that it should be confined to what precedes it, unless it clearly appears to have been intended to apply to other matters also. Endlich Interp. of Stats. § 186; Suth. St. Const. § 223; Potter's Dwarris, 272; Boston Safe Deposit & Trust Co. v. Hudson, 68 Fed. 760, 15 C. C. A. 651, but it is equally fundamental that, when by the terms of the proviso

it manifestly appears it was intended to apply generally to the entire act, it must be so treated and construed.    In Georgia R. & Bkg. Co. v. Smith, 128 U. S. 174, 9 Sup. Ct. 47, 32 L. Ed. 377, it was said that the general purpose of a proviso is to except the clause covered by it from the provisions of a statute, or to qualify the operation of the statute.    But the word "provided" is often used "as a conjunction to an independent paragraph."

The clear general purpose of this clause is to provide, by reference, a minimum duty upon wearing apparel and other articles or textile fabrics when embroidered.    The purpose of the paragraph to which it was attached was to provide a duty upon vegetable fiber embroideries, etc., and wearing apparel, etc., composed wholly or in chief value of vegetable fiber, embroidered, and not otherwise specially provided for.    That the proviso cannot be limited to the articles named in the body of the paragraph is, we think, apparent upon a careful reading of both.

It is to be observed that the "wearing apparel," and other "articles or fabrics" mentioned in the body of the paragraph, are confined to such as are "composed wholly or in chief value of flax, cotton or other vegetable fiber and not elsewhere specially provided for in this act"; but the language of the proviso is not thus restricted.    It enacts that "no wearing apparel or other article or textile fabric, when embroidered by hand or machinery, shall pay duty at a less rate than imposed" upon embroideries of the material used in the embroidery.    This manifestly extends far beyond the body of the paragraph and applies to textile fabrics, of whatever material composed, when embroidered. That this is a correct interpretation of the extent of this proviso was substantially held in Thomas v. Wanamaker, 129 Fed. 92, 63 C. C. A. 594, in which the Circuit Court of Appeals for the Third Circuit adopted the opinion of the Board of General Appraisers.    In that case, which involved an importation of wool robes embroidered in silk, one of the contentions of the importer was that the conjoint provisions of the proviso to paragraph 339 and paragraph 390 (30 Stat. 187 [U. S. Comp. St. 1901, p. 1670] ) should govern in fixing the duty upon the importation, but it was held by the board that these provisions prescribe merely a minimum rate of duty upon such merchandise, which is much less than that imposed by paragraph 369, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1667], which latter was found applicable to the case. The decision, however, shows that, had the conjoint rate been higher than that fixed by paragraph 369, the proviso to paragraph 339 would have been applicable to wool robes embroidered in silk.

The appellants have argued that the application of this proviso is much restricted as compared with that found in paragraph 373 of the tariff act of October 1, 1890, c. 1244, 26 Stat. 594, which was substantially like this except that it embraced the phrase, "Whether specially or otherwise provided for in this act."    We are not impressed by the argument, and are inclined to the belief that the proviso means as much with this language omitted as it would with the language retained.    However, we are not called upon to decide that.    Had paragraph 318 contained the specific designation "embroidered" among its terms, it would have been directly necessary for us to pass upon

this question, but in the absence of such specific word in paragraph 318 we do not think it necessary to do so. In view of our holding as to the general character of the proviso to paragraph 339, it is unnecessary for us to consider the assignments of errors separately.

Holding, as we do, that it is not the body of paragraph 339 that is applicable to fix the duty upon this importation, but the proviso thereto, we must look for the amount of duty imposed to the proper schedule to which reference is made by that proviso. The record shows that the material of which the embroidery upon this importation is composed is "colored silk thread." We must, therefore, look to the schedule for silk embroideries to determine what rate is applicable in this case. This is found in paragraph 390, and imposes on silk embroideries a duty of 60 per cent. ad valorem.

It is a coincidence that the duty imposed by paragraph 390 is the same as that imposed in the body of paragraph 339, but this coincidence should not be allowed to blind one to the fact that paragraph 339 (that is, the body of it) is not in any way applicable to the case. Had the embroidery upon the importation been of cotton, or other vegetable fiber, then, indeed, paragraph 339, by reference from the proviso, would have been applicable.

The purpose and effect of the proviso to paragraph 339 is similar to that of the proviso to paragraph 373 of the act of October 1, 1890, in construing which the Circuit Court of Appeals for the Second Circuit said:

"Thus an article of wearing apparel, of whatever material composed, which is embroidered in silk, shall not pay a less rate of duty than that imposed on silk embroideries." In re Schefer, 53 Fed. 1011, 4 C. C. A. 153.

We hold that the importation is dutiable under the minimum proviso contained in paragraph 339, by reference to paragraph 390, and, as the Circuit Court reached the correct conclusion as to the amount of duty to be levied, its conclusion in that regard is affirmed; but, in so far as the opinion of the court seems to hold that the importation is dutiable under the provisions of the body of paragraph 339, its findings are disapproved.

The proper basis for the levy of the minimum duty applicable to "hose and half-hose of cotton in open work or lace effects, and having embroidered upon them dots or other designs in colored silk thread," is the proviso to paragraph 339 by reference to paragraph 390, as hereinbefore mentioned.

Affirmed.