### LICHTENSTEIN MILLINERY CO. v. UNITED STATES.

(Circuit Court, S. D. New York. February 4, 1907.)

#### No. 4,085.

CUSTOMS DUTIES—CLASSIFICATION—EMBROIDERED SCREENS.
 Under the proviso in Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 339, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1662], prescribing that embroidered articles shall not pay a less rate of duty than is applicable to "any embroideries of the materials of which such embroidery is composed," *held*, that silk-embroidered screens, composed of wood and other materials, are liable to the rate provided for silk embroideries in Schedule L, par. 390, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]. The rule of "noscitur a sociis" does not operate to exclude such articles by reason of the enumeration in the same paragraph of laces, trimmings, etc.

On Application for Review of a Decision of the Board of United States General Appraisers.

The Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York. The case involved the construction of the proviso in Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 339, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662], which reads as follows: "Provided, that no wearing apparel or other article or textile fabric, when embroidered by hand or machinery, shall pay duty at a less rate than that imposed in any schedule of this act upon any embroideries of the materials of which such embroidery is composed."

Comstock & Washburn (J. Stuart Tompkins, of counsel), for importers.
 J. Osgood Nichols, Asst. U. S. Atty.

HAZEL, District Judge. The merchandise, consisting of a three-panel folding screen, 5 feet 10 inches high, the frame being of wood, carved and gilded, and being about 6 inches wide, the panels being of silk, embroidered and having inset a printed picture covered by a glass frame, was assessed for duty as a silk-embroidered article at the rate of 60 per cent. ad valorem under the provisions of the existing tariff act (Act July 24, 1897, c. 11, § 1, Schedule L, par. 390, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]). The importer claims the screen should be held dutiable at 35 per cent. under Schedule D, par. 208, 30 Stat. 168 [U. S. Comp. St. 1901, p. 164], as an article composed in chief value of wood.

The silk embroidery upon the panels of the screen unquestionably enhances its value to an appreciable extent; and accordingly the assessment would seem to have been proper by virtue of the proviso contained in paragraph 339, even though wood was the component material of chief value. The importer contends that paragraph 390 refers only to such articles as are embraced ejusdem generis with laces, lace edgings, insertings, galloons, chiffon, or other flouncings and trimmings, and that the screen is not in any way ejusdem generis with the articles mentioned. I am satisfied that the doctrine of "noscitur a sociis" does not apply, and that the case is controlled by the principle enunciated in U. S. v. Altman, 107 Fed. 15, 46 C. C. A. 116, and Carter, Webster & Co. v. U. S. (C. C.) 137 Fed. 978.[1] Such appears also to have been the opinion of the Board.

The decision is affirmed.

---

[1] Affirmed in 143 Fed. 256, 74 C. C. A. 394.