## JAECKEL & SONS v. UNITED STATES.

(Circuit Court, S. D. New York. May 21, 1909.)

### No. 5,377.

CUSTOMS DUTIES (§ 33*)—CLASSIFICATION—EMBROIDERED FURS.

 Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 339, 30 Stat. 181 (U. S. Comp. St. 1901, p. 1662), provides "that no wearing apparel, * * * when embroidered, shall pay duty at a less rate than that imposed in any schedule of this act upon any embroideries of the materials of which such embroidery is composed." *Held*, that under this provision valuable fur garments, to which embroidered silk adornments have been attached are subject to the duty provided for silk embroideries.

 [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 33.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below (G. A. 6,818, T. D. 29,297) affirmed the assessment of duty by the collector of customs at the port of New York. The case depends upon the construction to be given the embroidery proviso in Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 339, 30 Stat. 181 (U. S. Comp. St. 1901, p. 1662), which reads as follows:

"Provided, that no wearing apparel or other article or textile fabric, when embroidered by hand or machinery, shall pay duty at a less rate than that imposed in any schedule of this act upon any embroideries of the materials of which such embroidery is composed."

The importers contended that this proviso was not applicable to embroidered fur garments, and that the assessment should have been under the provision in paragraph 450 for manufactures in chief value of fur.

Kammerlohr & Duffy (John G. Duffy, of counsel), for importers.
D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. The merchandise at issue is a manufacture of fur, plus a silk-embroidered collar, and is wearing apparel. The silk-embroidered collar is an incidental, although a component, part of the importation; its value being almost infinitesimal by comparison with the rest of the garment. This merchandise can only come within the proviso of Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 339, 30 Stat. 181 (U. S. Comp. St. 1901, p. 1662), by holding that Congress intended to gather within that proviso all kinds of wearing apparel, without thought as to whether or not it is composed wholly or in chief value of flax, cotton, or other vegetable fiber. To reach this conclusion we must be satisfied that the thought of the proviso is a new

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and independent thought, in no sense a continuation of the thoughts expressed above the proviso; in other words, that it is separate and independent legislation, as completely divorced from the rest of the paragraphs as if it were placed in a paragraph by itself. I do not think that a valuable fur garment like this is taken out of its natural classification as a manufacture of fur because a trivial adornment of embroidered silk has been attached thereto. I can find no case of the higher court of this circuit which constrains me to so hold. I do not think that Carter, Webster & Co. v. United States, 143 Fed. 256, 74 C. C. A. 394, T. D. 27,135, goes to the extent demanded by the government in the case at bar. The Carter Case only decides that cotton hose, although specifically provided for in paragraph 318, must, when embroidered, pay, because of the proviso of paragraph 339, the rate provided for the silk-embroidered wearing apparel of paragraph 390.

If this were an original question I should consider it my duty to decide it in accordance with the foregoing suggestion. But it seems clear that substantially the same issue was before Judge Hazel in Lichtenstein v. United States (C. C.) 154 Fed. 736, T. D. 27,919. He decided there that a three-panel folding screen 5 feet 10 inches high, with a frame of wood about 6 inches wide and carved and gilded, the panels being of embroidered silk, but the wood being chief value, should be assessed for duty as a silk-embroidered article under paragraph 390, to which he was led by this same proviso of paragraph 339. The only difference between the cases is that he found that the silk embroidery of the panels in the screen which he was considering "enhanced the value of the article to an appreciable extent." But the fact still remains that the merchandise which he was considering was in chief value of wood. It seems better for all parties interested that the decisions of the court should be harmonious. The Lichtenstein decision seems to have been accepted by the importers for about two years, and it would be unfortunate to create confusion by a different interpretation of the proviso now.

For these reasons, the decision of the Board of Appraisers is reluctantly affirmed.