## UNITED STATES v. QUONG LEE & CO. et al.

### (Circuit Court, N. D. California. August 6, 1909.)

### Nos. 13,839-13,846.

CUSTOMS DUTIES (§ 37\*)—CLASSIFICATION—EMBROIDERED FANS—"FANS OF ALL KINDS"—"EMBROIDERED WEARING APPAREL OR OTHER ARTICLE OR TEXTILE FABRIC."

Embroidered fans are subject only to the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 427, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1675), for "fans of all kinds," not being within the scope of the proviso in Schedule J, par. 339, 30 Stat. 181 (U. S. Comp. St. 1901, p. 1662), imposing the embroidery rate on "embroidered wearing apparel or other article or textile fabric."

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 37.\*]

On Application for Review of a Decision by the Board of United States General Appraisers.

Robert T. Devlin, U. S. Atty., and George Clark, Asst. U. S. Atty. Stanley Jackson, for respondents.

VAN FLEET, District Judge. These cases involve appeals by the government, on the protest of the collector of the port of San Francisco, from the decision of the Board of General Appraisers, reversing the action of the collector in assessing the duty on certain importations of silk embroidered fans entered at that port. The collector held the fans covered by the proviso to Tariff Act July 24, 1897, c. 11, § 2, Schedule J, par. 339, 30 Stat. 181 (U. S. Comp. St. 1901, p. 1662), relating to embroidered articles, rather than under paragraph 427, Schedule N, of the act, relating to fans, and assessed them accordingly at the higher rate provided in the former. The board held that the imported articles should be classified under the latter provision, and the contention of the government is that the classification by the collector is right and should be upheld. The cases all involve but one and the same question, and that one of construction.

The provisions of the act involved in the inquiry are three. Paragraph 390, Schedule L, relating to laces, embroideries, etc., so far as pertinent, reads:

"390. Laces, * * * embroideries and articles embroidered by hand or machinery, * * * made of silk, or of which silk is the component material of chief value, * * * sixty per centum ad valorem."

Paragraph 339, relating to wearing apparel and textile fabrics, is as follows:

"339. Laces, lace window curtains, tidies, pillow shams, bed sets, insertings, flouncings, and other lace articles; handkerchiefs, napkins, wearing apparel, and other articles, made wholly or in part of lace, or in imitation of lace; nets or nettings, veils and veilings, etamines, vitrages, neck rufflings, ruchings, tuckings, flutings, and quillings; embroideries and all trimmings, including braids, edgings, insertings, flouncings, galloons, gorings, and bands; wearing apparel, handkerchiefs, and other articles or fabrics embroidered in any manner by hand or machinery, whether with a letter, monogram, or otherwise; tamboured or appliquéed articles, fabrics or wearing apparel; hemstitched or tucked flouncings or skirtings, and articles made wholly or in part of rufflings, tuckings, or ruchings; all of the foregoing, composed wholly or in chief value of flax, cotton, or other vegetable fiber, and not elsewhere specially provided for in this act, whether composed in part of india rubber or otherwise, sixty per centum ad valorem: Provided, that no wearing apparel or other article or textile fabric, when embroidered by hand or machinery, shall pay duty at a less rate than that imposed in any schedule of this act upon any embroideries of the materials of which such embroidery is composed."

Paragraph 427, relating specifically to fans, reads as follows:

"427. Fans *of all kinds*, except common palm-leaf fans, fifty per centum ad valorem." (Italics volunteered.)

The decision of the board in disposing of the cases was expressly based upon the authority of T. D. 24,073, G. A. 5,235, presenting precisely the same question and involving the construction of these provisions of the act, and I cannot do better, in stating the actuating considerations moving the board to its conclusion, than to quote from their opinion in that case. After referring to the pertinent provisions of the act, it is there said:

"A similar proviso to that in paragraph 339 was contained in the tariff act of 1890 (Act Oct. 1, 1890, c. 1244, Schedule J, 26 Stat. 594) in paragraph 373. In that act, however, the language was more precise. It reads as follows: 'Provided, that articles of wearing apparel, and textile fabrics, when embroidered by hand or machinery, and whether specially or otherwise provided for in this act, shall not pay a less rate of duty than that fixed by the respective paragraphs and schedules of this act upon embroideries of the materials of which they are respectively composed.' A comparison of the two provisos discloses that there was contained in the proviso to said paragraph 373 the words 'and whether specially or otherwise provided for in this act.' Congress, in enacting the tariff act of 1897, omitted these words from the corresponding paragraph, but extended the scope of the paragraph by inserting, in lieu of the words 'articles of wearing apparel,' the words 'wearing apparel or other articles.' The proviso to paragraph 373 was construed by the United States Circuit Court in the case of In re Schefer et al., 49 Fed. 826, which decision was affirmed by the United States Circuit Court of Appeals. 53 Fed. 1011, 4 C. C. A. 153. In these cases it seems to have been assumed by both parties to the controversy that the proviso to paragraph 373 of the act of 1890 extended to all the schedules of that act. That was a necessary conclusion, by reason of the phrase contained in that proviso reciting, 'and whether specially or otherwise provided for.' In the case of Tiffany v. United States (C. C.) 66 Fed. 736, fans which were highly ornamented by painting in oil or water colors were held to be dutiable under the tariff act of October, 1890, as 'paintings in oil or water colors.' There was no provision for fans eo nomine in that act; and, moreover, the court found as a fact in the case that the fans were more suitable for ornaments than for purposes of utility.

"The fans in question here, however, are intended for use as such, and, therefore, come clearly within the category of fans. The sole question for decision in the case is: Are these embraced within the term 'fans of all kinds,' and, as such, dutiable at the rate of 50 per cent. ad valorem, as provided in paragraph 427, or are they subject to the proviso in paragraph 339? In our judgment, the provision for fans is broad enough to, and intended to,

include fans of every description. It would seem to be a matter of common knowledge that a very large class of fans, embracing perhaps the greater amount of merchandise of that character, is embroidered, and that to hold, therefore, that this phrase did not include such, would, in effect, except therefrom the greater number of imported articles of that kind. Moreover, the latter part of paragraph 427 conduces to the same conclusion, for by the paragraph itself is excepted palm-leaf fans. Upon a familiar principle of construction the enumeration of the exceptions from this paragraph includes ex industria all the articles which Congress intended should be excepted therefrom. Palm-leaf fans, therefore, being expressly excepted from the provisions of the paragraph, the natural and legal inference is that palm-leaf fans alone are the only fans intended by Congress to be excepted therefrom. This exception does not carry with it embroidered fans, but, by the principle of construction suggested, leaves them included within the very broad term 'fans of all kinds.' Moreover, the phrase 'or other articles,' used in the proviso to said paragraph 339, is associated with 'laces,' 'embroideries,' 'wearing apparel,' and 'textile fabrics,' and, under the settled rule of ejusdem generis should properly be construed to include only articles of the same general character as those enumerated in these descriptive terms. Dodge v. United States, 84 Fed. 449, 28 C. C. A. 152. Fans are not of this character."

Considering the very significant changes made by Congress in the provisions of the act under consideration from that of the tariff act of 1890 as noted in the foregoing opinion, and the very comprehensive language of paragraph 427 relating to fans, not found in the older act, it seems to me that the reasoning of the learned member expressing the views of the Board of General Appraisers is not to be readily answered, and that the contention of the government that the proviso to paragraph 339 was intended to cover articles of every class of which embroidery is a component part, whether of textile fabric or not, is there very satisfactorily, if not conclusively, negatived. The whole reliance of the government is upon the words "or other article" found in that proviso. It is said that this language is broad enough to embrace every schedule of the act relating to any article that may be found to be embroidered by hand or machinery, no matter how specifically such article may be covered by other provisions of the act; that the language must be given some meaning, and that this is the only meaning it will bear; and that the construction contended for by the importer simply results in annihilating this feature of the proviso.

I cannot concede the soundness of this reasoning, since, as will be seen, it ignores some of the primary canons of construction applicable to such legislation. Nor do I think it essential to the determination of the present controversy to ascertain precisely what was meant by this language, assuming that it was intended to read as found in the statute. My own view is that it is at least doubtful if it was intended so to read. Considering the subject-matter of the paragraph of which it forms a part and the relation of the particular words to their context, and more especially in view of other provisions of the act, I am strongly persuaded that it was never intended to express the proviso in the form in which it is printed in the statute, but that by some clerical error or misprision the word "or," where found between the words "other article" and "textile fabric," was inadvertently substituted for the preposition "of," and that the proviso was really intended to read, "no wearing apparel or other article of textile fabric," etc. That would have tended to harmony and consistency, rather than the

confusion which has resulted in this and a number of other instances from the effort to harmonize the language as there found with other more or less specific features of the act.

However that may be, I am satisfied that, taking the provision as it stands, it cannot be given the effect contended for, in view of the specific and all-including terms of section 427 relating to the particular class of articles here involved. It is a familiar and fundamental principle of construction to be applied to tariff legislation that where a dutiable article falls within the terms of two enumerations, one of which is the more general and the other the more specific, the specific, and not the general, controls and prescribes the duty. Koechl v. United States, 91 Fed. 110, 33 C. C. A. 363. It will be conceded that the enumeration to be found in the language of the proviso to paragraph 339 is by class, while that of paragraph 427 is by species, and that the latter is therefore the more definite and specific. Where Congress has designated an article by a specific name, and imposed a duty upon it as such, general terms in the same act, though sufficiently broad to comprehend such article, are not to control, but must give way to the more specific provision. American Net Twine Co. v. Worthington, 141 U. S. 468, 12 Sup. Ct. 55, 35 L. Ed. 821; Robertson v. Glendinning, 132 U. S. 158, 10 Sup. Ct. 44, 33 L. Ed. 298; Homer v. Collector, 1 Wall. 486, 17 L. Ed. 688.

It is claimed that the ruling of the Board of General Appraisers in these cases has been materially modified, if not overthrown, by the cases of Carter v. United States, 143 Fed. 256, 74 C. C. A. 394, and Lichtenstein v. United States (C. C.) 154 Fed. 736. But I do not regard either of those cases as affecting the integrity of that ruling. The former involved the assessment of duty on wearing apparel, hosiery made of cotton in open-work or lace effect, with certain embroidered figures thereon; and it was properly held that the proviso to paragraph 339 governed the classification, rather than paragraph 318 Schedule I, applicable to cotton hosiery, but which says nothing about embroidery. There is nothing said in that case, necessary to the conclusion reached, which militates against the ruling here in question. The Lichtenstein Case related to the classification of an imported screen, consisting partly of wood and partly of embroidered silk, with certain other ornamental features. It was contended that the article was dutiable under Schedule D, par. 208, of the act, as one composed in chief value of wood. The evidence, however, left it in doubt as to the material of chief value entering into its construction, and both the collector and the Board of General Appraisers held it to be an embroidered article. The ruling was affirmed by the Circuit Court, and properly so, under the facts therein presented. The view there expressed by the learned judge of the Circuit Court, that the doctrine of noscitur a sociis does not apply to limit the effect of the proviso to paragraph 339, I regard as not only unnecessary to the conclusion reached, but as being opposed to the strong current of authority. United States v. Nichols, 186 U. S. 298, 22 Sup. Ct. 918, 46 L. Ed. 1173; Hollender v. Magone, 149 U. S. 586, 13 Sup. Ct. 932, 37 L. Ed. 860; Lithograph Co. v. Worthington, 132 U. S. 655, 10 Sup. Ct. 180, 33 L. Ed. 453; Reiche v. Smythe, 13 Wall. 162, 20 L. Ed. 566; Dodge v.

United States, 84 Fed. 449, 28 C. C. A. 152; Wiebusch v. United States, 84 Fed. 451, 28 C. C. A. 154.

There are some other considerations urged by the government in favor of its contention; but the most that can be said of them is that they would tend to disclose an ambiguity in the act as to the construction to be put upon it. That of itself is fatal to the government's claim; for it must be borne in mind that one of the cardinal rules for construing a statute imposing a burden in the nature of a tax or duty is that every ambiguity or uncertainty is to be resolved against the taxing power, and in favor of the one upon whom the burden is sought to be laid. Hartranft v. Wiegmann, 121 U. S. 609, 7 Sup. Ct. 1240, 30 L. Ed. 1012, and cases there cited.

The ruling of the Board of General Appraisers is affirmed, and a separate judgment to that effect will be entered in each case.