[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11562
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cv-14304-DLG

DAVID C. STINSON,

Petitioner-Appellant,

versus

STATE OF FLORIDA,
Department of Health and Rehabilitative Services
401 NW Second Avenue
Miami, FL 33128,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 2, 2012)

Before TJOFLAT, FAY and EDMONDSON, Circuit Judges.

PER CURIAM:

David C. Stinson is a Florida state prisoner.  On February 4, 2005, a jury found him guilty of the sale of cocaine within 1,000 feet of a school, in violation of Fla. Stat. § 893.13(1)(c).  Because he was an habitual felony offender, the trial court sentenced him to prison for life.  The Florida District Court of Appeal affirmed his conviction and sentence.  Stinson v. State, 935 So.2d 17 (Fla. App. 4th Dist. 2006) (Table).

On September 19, 2006, Stinson moved the trial court to vacate his conviction pursuant to Florida Rule of Criminal Procedure 3.850, alleging, among other things, that his trial counsel had rendered ineffective assistance in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution.  The court held an evidentiary hearing and denied the motion.  The District Court of Appeal affirmed.  Stinson v. State, 13 So.3d 484 (Fla. App. 4th Dist. 2009) (Table).

His pursuit of state remedies having failed, Stinson petitioned the United States District Court for the Southern District of Florida for a writ of habeas corpus.  28 U.S.C. § 2254.  He sought relief on several grounds, including ineffective assistance of counsel.  He argued that, among other things, counsel was ineffective (1) in failing to investigate the actual distance between the cocaine

2

sale and the school, particularly since the actual address of the school was apparently set forth, at one point, incorrectly; (2) in failing to move the trial court to suppress a suggestive identification made by an informant based on an out-of-court photographic lineup presented to him by police; and (3) in failing to request and review his sentencing score sheet before or after trial and failing to get a plea offer.  The District Court, relying on the state court records, denied relief.

We granted a certificate of appealability ("COA") on the following three issues:

> Whether, in light of the incorrect address contained in the police report for the location of the cocaine sale, [counsel's] failure to investigate the statutory element of the actual distance between the cocaine sale and the school amounted to ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, l04 S.Ct. 2052 (1984).

> Whether Stinson sufficiently raised his claim of ineffective assistance of counsel for failing to file a motion to suppress a suggestive identification, such that the district court's failure to address it amounted to error under *Clisby v. Jones*, 960 F.2d 925, 938 (11th Cir. 1992) (*en banc*).

> Whether the district court adequately addressed, and Stinson properly exhausted, the claim that his counsel was ineffective for failing to obtain his state sentencing score sheet so that one of the convictions could be disputed at sentencing, satisfying the requirements of *Clisbv*.  And, if so, whether the state court's decision regarding the sentencing score sheet was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

> Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"),

3

Pub.L.No. 104-132, 110 Stat. 1214 (1996), a federal court may not grant a state prisoner habeas relief on a claim that was denied on the merits in state court unless the state court decision:  (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

Section 2254(d) "imposes a highly deferential standard for evaluating state-court rulings . . . ."  *Hardy v. Cross*, 565 U.S. ___, 132 S.Ct. 490, 491, 181 L.Ed.2d 468 (2011) (quoting *Felkner v. Jackson*, 562 U.S. ___, 131 S.Ct. 1305, 1307, 179 L.Ed.2d 374 (2011)).  This standard is "doubly deferential" when a claim of ineffective assistance of counsel is evaluated under the § 2254(d)(1) standard.  *Knowles v. Mirzayance*, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (quotations omitted).  "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold."  *Id.* (quotations omitted).

This deference applies whenever a claim was adjudicated "on the merits."  *Loggins v. Thomas*, 654 F.3d 1204, 1218 (11th Cir. 2011).  For § 2254 purposes, a

4

claim is presumed to be adjudicated on the merits if the federal claim is presented to the state court and the state court has denied relief. *Id.* at 1217.

The Sixth Amendment provides that a criminal defendant shall have the right to "the Assistance of Counsel for his defense." U.S. Const. amend. VI. To succeed on an ineffective assistance claim under *Strickland*, a Stinson must show that his Sixth Amendment right to counsel was violated because (1) his attorney's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 697, l04 S.Ct. 2052, 2064, 2070, 80 L.Ed. 2d 674 (1984). We need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697, 104 S.Ct. at 2069.

Under the *Strickland* standard, the Supreme Court has continuously reiterated that counsel's performance was deficient only if it fell below an objective standard of reasonableness, and "[a] court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Premo v. Moore*, 562 U.S. __, 131 S.Ct. 733, 739, 178 L.Ed.2d 649 (2011) (quotations omitted); *see also Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065. Prejudice occurs when there is a "reasonable probability that, but for counsel's

5

unprofessional errors, the result of the proceeding would have been different."
*Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. With these principals in hand, we address in turn the issues set out in the COA.

### I.

Stinson claims that counsel was ineffective for failing to investigate the distance between the cocaine sale and the school. All he argues in his brief, though, is that the District Court erred in failing to hold an evidentiary hearing on the claim; he doesn't challenge the District Court's rejection of the claim. Appellant's Br. at 10. He does not argue that we should issue the writ of habeas corpus because the Florida District Court of Appeal's decision is not entitled to AEDPA deference—that the decision is deficient for one or both of the reasons set out in 28 U.S.C. § 2254(d)(1) and (2). In that Stinson failed to address the merits of his constitutional claim on appeal, the claim is abandoned. *See Martin v. McNeil*, 633 F.3d 1257, 1268 n.9 (11th Cir.), *cert. denied*, 132 U.S. 158 (2011).

Were we to hold that the claim is not abandoned, Stinson still would not prevail because he could not show *Strickland* prejudice. A law enforcement officer testified at trial that he was personally familiar with the school and knew it to be a school, and more importantly, he personally walked from the crime scene to the school and measured the distance using a measuring device. His

6

calculations determined that the school was 516 feet away.  In sum, we affirm the District Court on the first issue.  We now turn to the second issue, which involves counsel's failure to move to suppress a suggestive identification.

## II.

To raise a claim, a plaintiff, here a habeas petitioner, must state it "in such clear and simple language that the [district] court may not misunderstand it." *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006).  When the statement is not clear enough to inform the district court of the legal basis for the objection, the objection is not properly preserved.  *Id.*; *see also Smith v. Sec'y, Dep't of Corrs.*, 572 F.3d 1327, 1352 (11th Cir. 2009) (holding that the petitioner did not properly preserve argument when he mentioned it in only one sentence of his 116-page petition for habeas corpus, cited no authority for it, and never alluded to it in his memorandum in support of the petition).  To be sure, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (*en banc*), we expressed concern over the number of habeas cases that we had to remand for consideration of issues the District Court had not resolved, and we instructed district courts to resolve all claims for relief presented in a habeas petition,

7

regardless of whether the court was going to grant or deny relief. *Id.* at 935-36.  If a court fails to address all of the claims for relief in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Id.* at 938.

We have defined a "claim for relief" as "any allegation of a constitutional violation." *Id.* at 936.  Nevertheless, on other occasions, we have confirmed that the burden for properly identifying a claim, or alleging facts, rests with the petitioner. *See, e.g.*, *Chavez v. Sec'y Fla. Dep't of Corrs.*, 647 F.3d 1057 (11th Cir. 2011) (noting that district court was not required to "ferret out" facts in a case with a "massive record"), *cert. denied*, 132 S.Ct. 1018 (2012).

In his appellate brief, Stinson, represented by counsel, does not argue that he raised his claim of ineffective assistance of counsel (for failing to file a motion to suppress) so clearly that the District Court should have addressed it.  Rather, he argues that *Clisby* requires remand simply because the District Court failed to determine whether the claim had been exhausted in state court.  An argument that the habeas court failed to determine whether a claim was exhausted is not, under *Clisby,* a claim for relief; thus, Stinson's  argument fails. *See Clisby*, 960 F.2d at 936.

Moreover, since Stinson does not address the issue presented in the

8

COA—whether he "sufficiently raised his claim of ineffective assistance of counsel" based on the failure to file a motion to suppress—the issue is abandoned. *San Martin*, 633 F.3d at 1268 n.9.

## III.

The District Court did address, pursuant to *Clisby*, Stinson's ineffective assistance of counsel claim for failing to obtain his sentencing score sheet so that one of his convictions could be disputed at sentencing. The District Court adopted the Magistrate Judge's report and recommendation in its entirety, which agreed with the State's assertion that Stinson had not pointed to anything in the score sheet or presentence report that would have prejudicially affected his sentencing, nor did he allege that there was a plea offer or that he would have pled guilty if he had seen the score sheet. In the end, the District Court properly concluded that District Court of Appeal's decision regarding the sentencing score sheet was based on a reasonable determination of the facts and a proper application of *Strickland*.

## IV.

For the forgoing reasons, the judgment of the District Court is AFFIRMED.

9