## UNITED STATES v. McSORLEY et al.

(Circuit Court of Appeals, Second Circuit. January 9, 1895.)

No. 54.

CUSTOMS DUTIES—MEDALS.

Medals made of copper, washed with silver, commonly used for distribution as prizes to school children, but which have not been awarded as trophies or prizes, are not entitled to free entry, under the tariff act of October 1, 1890, as "medals of gold, silver or copper, such as trophies or prizes."

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an application by the United States for a review of the decision of the board of general appraisers concerning certain merchandise imported by J. A. McSorley & Co. The circuit court affirmed the decision of the board. The United States appeal.

Wallace Macfarlane, U. S. Atty., and Chas. Duane Baker, Asst. U. S. Atty., for the United States.

Hess, Townsend & McClelland, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. The question in this case is whether medals made of copper, washed with silver, suitable for use as tokens, and commonly used for distribution as prizes to Catholic school children, but which have not been awarded as trophies or prizes, are enumerated in the free list of the tariff act of October 1, 1890, and entitled to free entry as "medals of gold, silver or copper, such as trophies or prizes." The board of general appraisers were of opinion that because the importations were suitable for use as prizes they were within the enumerated class; and the circuit court concurred in that opinion. We are constrained to adopt a contrary view. If congress had intended to admit free of duty all medals appropriate for use as prizes, there would have been no reason for employing the qualifying words "such as trophies or prizes." All medals are suitable for use as prizes, according to the lexicographers, and there is no evidence of a commercial meaning different from the ordinary meaning of the word "medal." We think the term of enumeration is to be read as though it were "such medals as are trophies or prizes," and be construed to include only such as belong to that category when imported, because they have been already awarded or won. Until then the medals are not, in an accurate sense, trophies or prizes. Any other construction would deprive the qualifying words of all effect, and is therefore inadmissible. The decision of the circuit court is reversed.