## McALLISTER v. UNITED STATES.

(Circuit Court, S. D. New York. March 3, 1896.)

### No. 2,231.

1. CUSTOMS DUTIES—CLASSIFICATION—LILY OF THE VALLEY ROOTS—"PLANTS."
    In construing the provision in Tariff Act Aug. 27, 1894, c. 349, § 1, Schedule G, par. 234½, 28 Stat. 525, for "lily of the valley * * * plants used for forcing," *held* that lily of the valley roots, sprouted, which are imported for forcing, are dutiable thereunder, being included within the term "plants," in a popular sense, though not technically.

2. SAME—NOSCITUR A SOCIIS.
    Lily of the valley roots are not covered by Tariff Act Aug. 28, 1894, c. 349, § 2, Free List, par. 558, 28 Stat. 542, relating to "moss, seaweeds, and vegetable substances," not being vegetable substances in the class of moss and seaweeds.

On Application for Review of Decisions of the Board of United States General Appraisers.

The General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York on importations by F. E. McAllister. One of the Board's decisions is reported as G. A. 3,141 (T. D. 16,312).

Comstock & Brown (Everit Brown, of counsel), for importer.
Henry C. Platt, Asst. U. S. Atty.

TOWNSEND, District Judge (orally). The articles in controversy are bunches of roots, lily of the valley having several sprouts or crowns thereon. The importer testifies that they are thus imported for forcing, and that he has never known of their being imported with foliage. The collector classified them for duty under Tariff Act Aug. 27, 1894, c. 349, § 1, Schedule G, par. 234½, 28 Stat. 525. The provisions of said paragraph are "orchids, lilies of the valley, azaleas, palms, and other plants used for forcing under glass for cut flowers, * * * ten per centum ad valorem." The importer protested, claiming that the articles were free under paragraph 558 (section 2, Free List, 28 Stat. 542), as "moss, seaweeds, and vegetable substances," or under paragraph 611 (28 Stat. 544), as "roots not specially provided for." The Board of General Appraisers overruled the protest and sustained the action of the collector, and the importer appeals.

These articles are not vegetable substances in the class of moss and seaweeds under said paragraph 558. It seems clear that, while they are not botanically and technically plants, yet they are plants in the broadest sense, with the operation resultant from planting already started. They would be popularly considered as plants and are imported to be planted. I think it is manifest that Congress, in view of these circumstances, and in view of the fact that they are imported

in this way only, intended to use the word in its broadest sense, and to assess them denominatively for duty under paragraph 234½ as lily of the valley plants used for forcing under glass for cut flowers, etc.

The decision of the Board of General Appraisers, affirming the classification of the collector, is therefore affirmed.