### DODGE et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 8, 1898.)

#### No. 42.

1 CUSTOMS DUTIES—CLASSIFICATION—RULES OF INTERPRETATION.

In construing provisions of the tariff laws, such as paragraph 558 of the act of 1894, which provides for "moss, seaweeds, and vegetable substances, crude or unmanufactured, not otherwise specially provided for in this act," the principle of "noscitur a sociis" is to be applied, so as to confine the concluding general words to vegetable substances of the same kind with those specifically enumerated. Ingersoll v. Magone, 4 C. C. A. 150, 53 Fed. 1008, distinguished.

2. SAME—CAMPHOR OIL.

Camphor oil, in its crude state, which is a heavy, oily liquid, obtained from the same tree as crude gum camphor (the two being mixed together without any chemical connection, and separated merely by drainage), was not dutiable as "camphor, crude," under paragraph 429 of the act of 1894, or as "moss, seaweeds, and vegetable substances" not otherwise provided for, under paragraph 558, or as "drugs, such as barks, beans, berries," etc., not edible, and not advanced in manufacture, under paragraph 470; and the same having been classified by the collector under paragraph 60, which provides for distilled, essential, expressed, and rendered oils, etc., as against a protest naming only said paragraphs 429, 470, and 558, *held*, that such classification must be affirmed. 77 Fed. 602, affirmed.

This is an appeal by the importers from a decision of the circuit court, Southern district of New York, affirming a decision of the board of general appraisers which affirmed a decision of the collector of the port of New York.

Albert Comstock, for appellants.

Henry D. Sedgwick, Jr., for the United States.

Before LACOMBE and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The record is not entirely clear as to how the article here imported is obtained. It comes from the same tree from which comes the crude camphor of commerce,—the whitish, translucent, crystalline, volatile substance which is well known to every one as "camphor" or "gum camphor." The article in question is a dark-brown, heavy, oily liquid; and, as obtained from the tree, the crude gum camphor and this brown liquid are mixed together without any chemical connection. They are separated merely by drainage. It may be inferred from the testimony that these products thus jointly presented are obtained by some process of distillation from the chopped-up wood of the tree,—that they are not mere exudations; but upon this point the evidence is unsatisfactory, being entirely hearsay; and, indeed, it is not necessary to determine such question in this case. The evidence does establish the proposition that they are different substances; that neither of the two is produced from the other; that neither can by any process be transformed into the other. From the crude gum camphor, refined camphor is made,

84 F.—29

and from the brown liquid is manufactured refined oil of camphor. The board of appraisers found that the "merchandise is camphor oil, sometimes commercially known as 'heavy oil of camphor,' and is the crude article from which refined camphor oil is distilled." The evidence abundantly sustains this finding. The collector classified the importation for duty under paragraph 60 of the tariff act of August 23, 1894, which provides for "products or preparations known as alkalies, alkaloids, distilled oils, essential oils, expressed oils, rendered oils and all combinations of the foregoing." The importers protested, claiming free entry under one or the other of three paragraphs in the same act,—429, 470, and 558. Two other paragraphs (10½ and 16½) were included in the protest, but have been abandoned on the argument. It will be necessary to determine only the question whether the importation is within the terms of either of these three paragraphs. If it be not, it is immaterial to inquire how otherwise it should be classified. The importer can be heard only in support of the claims specified in his protest.

Paragraph 558 refers to "moss, seaweeds, and vegetable substances, crude or unmanufactured, not otherwise specially provided for in this act." Under the familiar principle of "noscitur a sociis," this vague general phrase, "vegetable substances, crude or unmanufactured," should be restricted to such vegetable substances as are ejusdem generis with the substances specifically enumerated in this paragraph. It certainly was not the intention of this court in Ingersoll v. Magone, 4 C. C. A. 150, 53 Fed. 1008, to abrogate a rule of construction so well settled, so long established, and so convenient as this. In that case a noun of highly-specific designation, which originally covered one class of articles, had gradually, in popular speech, acquired a meaning broad enough to include another and somewhat similar class. The decision in Ingersoll v. Magone must be limited closely to the facts then before the court. This crude camphor oil presents no points of resemblance to mosses or seaweeds, and is not to be classified under paragraph 558. Paragraph 470 reads as follows:

"470. Drugs, such as barks, beans, berries, balsams, buds, bulbs, bulbous roots, excrescences, fruits, flowers, dried fibers, dried insects, grains, gums and gum resin, herbs, leaves, lichens, mosses, nuts, roots and stems, spices, vegetables, seeds aromatic, seeds of morbid growth, weeds, and woods used expressly for dyeing; any of the foregoing drugs which are not edible, and which have not been advanced in value or condition by refining or grinding, or by other process of manufacture, and not specially provided for in this act."

The first three words of this paragraph are manifestly transposed for convenience of alphabetical arrangement. The enumeration given is: "Such drugs as barks, beans, berries, etc." U. S. v. McSorley, 13 C. C. A. 15, 65 Fed. 492. If the merchandise in question here be a drug,—and the evidence is not entirely persuasive to that conclusion,—it certainly is not a drug "such as barks, beans, berries," or any of the other varieties of drug included in the enumeration, and therefore it is not within the provisions of paragraph 470.

Paragraph 429 reads, "Camphor, crude." Whatever this importation be, it is certainly not crude camphor. As the judge who heard the cause in the circuit court expressed it:

"It comes with crude camphor from the tree, and is separated from the camphor crystals by drainage. * * * 'Camphor, crude,' implies what may become camphor refined. This, * * * although it may be called 'camphor oil,' because of its origin, contains no camphor, and can never become camphor. It is not in fact, nor is called, camphor, crude."

In this conclusion we entirely concur. The decision of the circuit court is affirmed.