Judgments for the United States in each of the cases for the amounts claimed.

---

### UNITED STATES v. DODGE et al.

(Circuit Court of Appeals, Second Circuit. March 12, 1901.)

#### No. 94.

CUSTOMS DUTIES—ESSENTIAL OIL—WASTE—NONENUMERATED UNMANUFACTURED ARTICLE.

   Camphor oil, obtained in a crude state from the same tree as crude gum camphor, the two being united without chemical connection, and separated merely by drainage, is not dutiable as "essential oil," within Tariff Act 1894, par. 60, and Act 1897, par. 3, nor should it be classified as "waste," but the same is dutiable as a nonenumerated unmanufactured article.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision reversing a decision of the board of general appraisers, which affirmed the action of the collector in the matter of the classification for customs

duty of certain merchandise imported under the tariff acts of 1894 and 1897.

Charles D. Baker, for the United States.

Albert Comstock, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The collector classified the merchandise as an "essential oil," under paragraph 60, Act 1894:

"Products or preparations known as alkalies, alkaloids, distilled oils, rendered oils, and all combinations of the foregoing * * * not specially provided for in this act, 25 per centum ad valorem;" and under paragraph 3, Act 1897: "Alkalies, alkaloids, distilled oils, essential oils, expressed oils, rendered oils, and all combinations of the foregoing * * * not specially provided for in this act, 25 per centum ad valorem."

The board of appraisers found that it is "camphor oil, sometimes commercially known as heavy oil of camphor; and is a crude article, from which refined camphor oil is distilled. It is a distilled oil." The same substance was before this court in Dodge v. U. S., 28 C. C. A. 152, 84 Fed. 449, and is therein thus described:

"It comes from the same tree from which comes the crude camphor of commerce; the whitish, translucent, crystalline, volatile substance which is well known to every one as 'camphor' or 'gum camphor.' The article in question is a dark brown, heavy, oily liquid; and, as obtained from the tree, the crude gum camphor and this brown liquid are mixed together without any chemical connection. They are separated merely by drainage."

We concur with the judge who heard the cause at circuit that it cannot fairly be classified under the paragraphs which the collector held applicable. The testimony is overwhelming and uncontradicted that it is not distilled, nor expressed, nor rendered oil, either in trade and commerce or in the common acceptation of these terms. The dictionary states that essential oils are either distilled or expressed, and the evidence shows without contradiction that it is not recognized as an essential oil in trade and commerce. In the former appeal cited supra we held that certain paragraphs under which the importers sought to classify it did not apply. It is now contended that it should be classified as "waste," or as a "nonenumerated unmanufactured article," at 10 per centum ad valorem. It would seem that it cannot fairly be called "waste,"—a word which presupposes some process of manufacture,—and, in our opinion, should be classified as a nonenumerated unmanufactured article. The decision of the circuit court is, to this extent, affirmed.