AMERICAN EXPRESS CO. *v.* UNITED STATES (No. 1014).[1]

1. MEDALS AND OTHER METALLIC ARTICLES.
    The provision in paragraph 624, tariff act of 1909, for free entry of "other metallic articles usually bestowed as trophies or prizes" is not limited to such as are *ejusdem generis* with medals, and a shotgun won in a prize shooting tournament is a trophy or prize within the meaning of the law.

2. DELIVERY OF THE TROPHY OR PRIZE.
    Actual manual delivery abroad of an article awarded as an honorary distinction is not a condition precedent to the free admission of that article.

United States Court of Customs Appeals, January 20, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29494 (T. D. 32760).
    [Reversed.]
    *Comstock & Washburn (J. Stuart Tompkins* on the brief) for appellant.
    *William L. Wemple,* Assistant Attorney General, (*William K. Payne,* Deputy Assistant Attorney General, of counsel), for the United States.

    Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The importation now in question is a shotgun, which was assessed with duty at the rate of $1 and also 35 per cent ad valorem under the provisions of paragraph 157 of the tariff act of 1909. The importers duly protested, claiming the gun to be free of duty as a metallic article bestowed and accepted as a trophy or prize within the purview of paragraph 624 of the act.

The Board of General Appraisers overruled the protest, from which decision the importers now prosecute and appeal to this court.

Paragraph 624, under which free entry is claimed for the importation, reads as follows:

624. Medals of gold, silver, or copper, and other metallic articles actually bestowed as trophies or prizes, and received and accepted as honorary distinctions.

It appears from the testimony that Westley Richards & Co. (Ltd.), of Birmingham, England, are manufacturers of firearms, and that

---

they offered a single-barrel trap gun as a trophy or prize to be competed for at a tournament which should take place at the New York Athletic Club, and continue throughout a period of six months. The tournament was held by the club at Travers Island in conformity with the terms of the offer, some 30 contestants entering the lists. Mr. Hodgman, who is a citizen and resident of this country, was the successful competitor, and became entitled to the prize. Thereupon the donors finished a shotgun according to the particulars furnished by Mr. Hodgman, as nearly as could be, and shipped the article to this country in fulfillment of the award. The importation was consigned to certain agents of the manufacturers in this country, with instructions to pay all charges and costs of every kind, so that the gun might be delivered to Mr. Hodgman wholly free of trouble or expense on his part.

The sole question involved in this case is whether or not these undisputed facts bring the present importation within the free classification which is established by paragraph 624.

The Government contends against the free entry of the merchandise, and especially presents two arguments in support of its contention; first, that the provision in paragraph 624, for "medals * * * and other metallic articles," should be controlled by the rule of *ejusdem generis* and made to apply to such metallic articles only as are of the same class with medals, the Government maintaining that this class would not include the shotgun in question; and, second, that the provisions of paragraph 624 require an actual receipt and acceptance of a trophy as an honorary distinction by its recipient before free entry is given to the article, the Government claiming in the present case that no such condition existed at the time of the importation.

In order to understand the meaning of the present paragraph and also the relevant decisions of the board and the courts, it is well to copy here the terms of former enactments which granted free entry to similar objects:

(Act of March 2, 1861.)　Medals of gold, silver, or copper.

(Act of March 3, 1883.)　Medals of gold, silver, or copper.

(Act of October 1, 1890.)　648. Medals of gold, silver, or copper, such as trophies or prizes.

(Act of August 27, 1894.)　551. Medals of gold, silver, or copper, and other metallic articles manufactured as trophies or prizes, and actually received or bestowed and accepted as honorary distinctions.

(Act of July 24, 1897.)　612. Medals of gold, silver, or copper, and other metallic articles actually bestowed as trophies or prizes, and received and accepted as honorary distinctions.

Paragraph 624 of the act of August 5, 1909, which governs the present case, is identical with paragraph 612 of the act of 1897, last above copied.

As appears from the foregoing statement, prior to the act of October 1, 1890, the present subject was covered by a provision for the

free entry of medals of gold, silver, or copper. By the act of October 1, 1890, the foregoing provision was repeated, modified, however, by the phrase "such as trophies or prizes." And by the act of August 27, 1894, the classification was enlarged, on the one hand, by the addition of the terms "and other metallic articles manufactured as trophies or prizes," and, on the other hand, was restricted by the concluding provision, "and actually received or bestowed and accepted as honorary distinctions."

It becomes important to consider some of the questions which presented themselves under the earlier acts, and their decision by the department, the board, and the courts, in order that the changes finally effected by the act of 1894 may be the better understood. One of these may be best set out by copying an opinion which was issued by the Treasury Department in a matter arising under the act of 1883.

(6566.)

*Free entry—Trophies.*

TREASURY DEPARTMENT, *September 20, 1884.*

SIR: Application has been made to this department for the free admission of a cup won at the Ascot races, in England; by the horse "Foxhall," then belonging to James R. Keene, the cup in question being the property of that gentleman, and which, it is understood, is now in your custody. The application was referred to the Attorney General, and this department is in receipt of an opinion from Hon. S. F. Phillips, Acting Attorney General, in which he expresses the opinion that the article in question, having a similitude in material, quality, and texture, and the use to which it may be applied, to a medal made of the same material, viz, gold or silver, is free of duty under sections 2499 and 2502 of the act of March 3, 1883. He states that the purpose of the cup, like that of a medal, is to commemorate a particular event, and that substantially it is a trophy and has no other value except in point of material, and that is free of duty.

You will deliver the cup in question without payment of duties, in accordance with the opinion thus given.

Very respectfully,                        CHAS. E. COON, *Acting Secretary.*
COLLECTOR OF CUSTOMS, *New York.*

By the foregoing ruling of the department a cup made of gold and silver, won at the Ascot races in England, was held to be entitled to free entry under the provision for medals of gold or silver, because its purpose, like that of a medal, was to commemorate a particular event, and because, like a medal, it was substantially a trophy. The word trophy did not appear in the governing paragraph at the date of this ruling by the department, but at the next revision of the tariff, viz, October 1, 1890, the phrase "such as trophies or prizes" was added thereto. It is reasonable to believe that this language was added for the purpose of enacting into law the principle upon which the foregoing opinion rested.

However, notwithstanding the published opinion of the department and the corresponding legislative modification of the relevant

paragraph, a similar question arose, and was decided otherwise by the board, under the tariff act of 1890, as will appear from the following copy:

(13358—G. A. 1738.)

*Silver prize cup.*

Before the United States General Appraisers at New York, September 10, 1892.

In the matter of the protest 22463a-6386 of R. H. Derby against the decision of the collector of customs at New York as to the rate and amount of duties chargeable on a certain silver cup, imported per *Adriatic* January 21, 1892.

Opinion by SHARRETTS, General Appraiser.

We find the facts in this case to be as follows:

The appellant imported into the port of New York a silver cup, intended to commemorate a particular event in connection with a dog show at Madison Square Garden.

The collector classified the article as a manufacture of metal and assessed duty thereon at 45 per cent ad valorem, under paragraph 215, N. T.

The appellant claims that the cup is a trophy, entitled to free entry by reason of similitude in material, quality, and texture, and the use to which it may be applied, to silver medals, provided for in paragraph 648, N. T. In support of his claim the appellant refers to T. D. 6566, dated September 20, 1884. The similitude clause of section 5, act of October 1, 1890, which is relied upon by the appellant, applies only to nonenumerated articles similar in material, quality, texture or the use to which they may be applied, to any article that is enumerated and classified with duty.

A silver cup is enumerated and provided for as a manufacture of metal; at any rate it can not be assimilated to a silver medal, which is not chargeable with duty. It follows that the claim of the appellant is not well founded.

The protest is overruled and the collector's decision is affirmed.

As appears from the decision just copied, the board decided upon the act of 1890 that a silver cup which had been imported as a trophy was nevertheless dutiable as a manufacture of metal, and was not granted free entry by virtue of the term, "such as trophies or prizes," which had been added to the paragraph at the last preceding tariff revision. Thereupon, at the revision of the tariff next following the foregoing decision, Congress again enlarged the provision of the paragraph for the free entry of prizes and trophies by adding thereto the class of "other metallic articles manufactured as trophies or prizes," prescribing, however, as a condition precedent, that they be actually bestowed as such, and received and accepted as honorary distinctions.

It seems clear from the foregoing recital that the provision in question was enlarged by the act of 1894 for the express purpose of granting free entry to metallic articles which were manufactured as trophies or prizes and actually bestowed and accepted as honorary distinctions, and that Congress intended to constitute them a separate class independent of the preceding classification of medals, so as to relieve the subject of all questions of similitude. In a sense, therefore, the legislation was really aimed at the construction of *noscitur a sociis;* that is, it was intended to form a new class by direct provision rather than by association with the class of medals already established. The corresponding paragraph of the act of July 24, 1897, did not

differ in substance from paragraph 551 of the act of August 27, 1894. Under the act of 1897, the board in a given case held that a metal cup which was awarded as a prize at a horse show was free of duty, as a prize or trophy. Case of Geo. M. Webb, April 21, 1910, Abstract 23147 (T. D. 30572). This ruling implies that the provision for "other metallic articles actually bestowed as trophies or prizes" is not limited to such as are *ejusdem generis* with medals. And this conclusion commends itself as correct, and the first argument of the Government is accordingly overruled by the court.

In respect to the second argument of the Government, the court again inclines to the contention of the appellants. It appears without question that Mr. Hodgman contested in the tournament with a view to winning the shotgun as a trophy or prize; it also appears that he was successful and that the award was made in his favor; it furthermore appears that he furnished the particulars for the finishing of the article, and thereupon awaited its delivery to him in fulfillment of the conditions of the tournament. It is well within proper limits to conclude that these facts establish an acceptance of the article by him as an honorary distinction. It is not necessary that actual manual tradition of the article should be made abroad as a condition precedent to its free importation into this country under the provisions in question.

The case of United States *v.* McSorley (65 Fed., 492) is cited by the Government and was relied upon as authority by the board; but that decision is not in line with the present case. In that case certain articles had been imported which were thereafter to be offered as prizes to school children in this country. They were not trophies or prizes when imported, but they were suitable for that purpose, and it was intended and expected that they should ultimately be so used. It was held by the court that those facts did not entitle the articles to free entry under paragraph 648 of the act of 1890, above copied, because of the fact that their character as prizes or trophies had not become fixed at entry. It is apparent from the later enactments that this litigation caused an amendment to the pertinent provisions so as to cover that subject with greater distinctness.

The Government suggests, at least inferentially, that this interpretation of paragraph 624 may result in abuses, such as free importation of valuable metallic articles nominally as prizes, but virtually as features of commercial transactions. However, this possibility was foreseen and foreclosed by the provision that prizes or trophies shall be admitted free only when actually bestowed, received, and accepted as *honorary* distinctions.

The case at bar is within this rule. The entire transaction was extra-commercial, and the article was actually bestowed upon the recipient as an honorary distinction.

The court therefore holds that the importation was entitled to free entry, and the decision of the board is *reversed.*