REED & KELLER *v.* UNITED STATES (No. 1209).[1]

1. RULE OF EJUSDEM GENERIS.

The term "vegetable substances" in paragraph 630, tariff act of 1909, can not be limited to articles that are strictly *ejusdem generis* with moss and seaweeds.

2. BIRCH BARK NOT ENTITLED TO FREE ENTRY.

While the rule of *ejusdem generis* must be applied with some liberality in construing paragraph 630, it would be going too far to hold birch bark to be such a vegetable substance as is there named, and the importation was properly assessed as a nonenumerated unmanufactured article under paragraph 480.

United States Court of Customs Appeals, January 22, 1914.

APPEAL from Board of United States General Appraisers, Abstract 32464 (T. D. 33464).

[Affirmed.]

*Comstock & Washburn* (*J. Stuart Tompkins* on the brief) for appellants.

*William L. Wemple*, Assistant .Attorney General (*Charles E. McNabb*, assistant attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise here is birch bark in the condition it is stripped from the tree and the appearance of the exhibit indicates that the tree from which it was taken was of considerable size. What use is made of this bark does not appear of record. No evidence was taken before the Board of General Appraisers. It was returned by the appraiser for duty as a nonenumerated unmanufactured article under paragraph 480 of the tariff act of 1909 and was so assessed by the collector. This assessment was affirmed .by the board.

------------

[1] Reported in T. D. 34133 (26 Treas. Dec., 156).

The importers in their protest allege the merchandise to be entitled to free entry under various paragraphs, but rely here, as we understand, mainly upon paragraph 630 of the same act, which is as follows:

630. Moss, seaweeds, and vegetable substances, crude or unmanufactured, not otherwise specially provided for in this section.

In the act of 1883 there were two free-entry paragraphs, one relating to "moss, seaweeds, and all other vegetable substances used for beds and mattresses," and the other to "seaweed, not otherwise provided for." These were evidently incorporated in one paragraph (653) of the act of 1890 and reenacted in paragraphs 558 and 617, respectively, of the tariff acts of 1894 and 1897, in each of which the language is identical with that of paragraph 630, as above quoted.

By paragraph 69 of the act of 1894, "sea moss or Iceland moss" was made dutiable; in 1897, by paragraph 81, this provision was made to apply to "sea moss" only; and in 1909, by paragraph 78, duty was assessed upon "moss and sea grass, eel grass, and seaweeds, if manufactured or dyed."

It is evident that in these duty paragraphs Congress has referred to the smaller forms of plant life, and in the main, if not altogether, to those of aquatic growth.

In *In re* F. W. Myers & Co. (123 Fed., 953) the Circuit Court, Ray, Judge, in speaking of these paragraphs as they appeared in the tariff act of 1897, intimates, as we understand the opinion, that the free-entry paragraph was intended to relate to vegetable substances from the sea.

In Dodge *et al. v.* United States (84 Fed., 449) the Circuit Court of Appeals of the Second Circuit was called upon to determine whether an article called crude camphor oil, a product of the tree from which also comes the crude camphor of commerce, was entitled to free entry as a vegetable substance under the paragraph in question as found in the act of 1894 or was dutiable under a paragraph relating to distilled and other kinds of oils. In the discussion of the case the court said:

Paragraph 558 refers to "moss, seaweeds, and vegetable substances, crude or unmanufactured, not otherwise specially provided for in this act." Under the familiar principle of "*noscitur a sociis,*" this general phrase, "vegetable substances, crude or unmanufactured," should be restricted to such vegetable substances as are *ejusdem generis* with the substances specifically enumerated in this paragraph.

In McAllister *v.* United States (147 Fed., 773) the Circuit Court for the Southern District of New York, Townsend, Judge, considered whether roots of lilies of the valley were entitled to free entry as a vegetable substance under the paragraph as found in the act of 1894 or under paragraph 234½ of the same act covering, among other things, "lily of the valley * * * and other plants used for

forcing under glass for cut flowers." Orally discussing the question the court said "these articles are not vegetable substances in the class of moss and seaweeds under said paragraph 558" and held they were not so dutiable.

We think the foregoing decisions indicate the true interpretation of the paragraph as first enacted. But its application has been the subject of much litigation, especially before the Board of General Appraisers. To illustrate, under the act of 1890, the paragraph was held to give free entry, among other articles, to cottonseed hulls, mustard-seed hulls, hulls of the oat seed, loofah (a vegetable substance extracted from a gourdlike fruit), immortelles and natural grasses, the dried meat of the coconut, Bermuda lilies, and tonka bean crystals. Under the paragraph in the act of 1894, among other things, the dried meat of the coconut, oat hulls, pea hulls intended for cattle feed, and sugar cane cut in lengths from 6 to 8 feet were given free entry. And under the act of 1897 pine cones, pea hulls, loofah, holly branches, and angelica stalks used in making sweetmeats were accorded like favor.

The board decisions covering the subjects above referred to are cited on pages 761 and 762 of the Digest of Customs Decisions, 1908.

It will be observed, however, that, in the main, these decisions have extended the application of the term "vegetable substances" to products of the smaller forms of plant life. They seem to have been acquiesced in by the Treasury Department, and in view of the number and frequency thereof, and of such executive acquiescence therein, must be considered in now interpreting the paragraph, because, although the language thereof has been preserved without change, Congress will be presumed to have been cognizant of such interpretation and application extending through the life of so many tariff acts. Not only this, but the attention of Congress was, before the enactment of the act of 1909, expressly called to some of these numerous board decisions. See Notes on Tariff Revision (p. 748).

Considering all this we think it must be held that the strict application of the rule of *ejusdem generis* should be somewhat modified as regards this paragraph, and that the term "vegetable substances" can not be limited to articles that are strictly *ejusdem generis* with moss and seaweeds.

As to the birch bark here involved, it is apparent that it is the product of a forest tree, not however an annual product like coconut meat. The tree itself little resembles moss or seaweeds; neither does the tree nor its bark resemble in form or substance the great majority of the articles to which free entry has been given, as before mentioned.

It is true that considered without regard to the context the term "vegetable substances" is broad enough to include all substances that are the product of the vegetable kingdom, from the gigantic sequoia to the lowest form of plant life, but this term does not stand alone. It is introduced by the words "moss" and "seaweeds," which carry some indication of the class or kind of vegetable substances concerning which Congress was expressing its will, and which must be considered in construing the term itself. Dingelstedt *v.* United States (91 Fed., 112).

The term should not be applied to every vegetable substance, using those words in their broadest sense, and the rule of *ejusdem generis* should neither be lost sight of nor wholly disregarded.

It would seem that sufficient latitude in the application of the rule had been attained in the board decisions to which we have referred and in the apparent administrative practice thereunder.

But while we think, in view of all that has been said, that the rule of *ejusdem generis* must be applied with some liberality to that paragraph, we are unwilling to go so far as to admit the merchandise here to free entry under paragraph 630. Among the reasons therefor is the fact that the precise question involved in this case was under the act of 1897 before the Board of General Appraisers in Abstract 11774 (T. D. 27426), decided in 1906. Merchandise apparently identical with that at bar was there held not entitled to free entry under the paragraph, but to be dutiable as a nonenumerated unmanufactured article. Again, in Abstract 19419 (T. D. 29173), where apparently like merchandise was considered, the same conclusion was reached. This decision was affirmed in the Circuit Court by Platt, Judge, without opinion, in Reed & Keller *v.* United States (172 Fed., 453), decided May 17, 1909.

It is urged, and with much force, that these decisions of the board as to birch bark are not consistent with those admitting free entry to holly branches and some other articles. We do not attempt to reconcile them, but adhere to the views already expressed.

The conclusion we reach in this case is not inconsistent with the result reached in United States *v.* Wallace (4 Ct. Cust. Appls., 142; T. D. 33413). There the merchandise was crude horse-radish roots, the product of one of the lower forms of plant life.

We find nothing which warrants us in upholding the claim to free entry under paragraph 578, somewhat relied upon by the importers, and which relates to grasses and fibers. The rule of *noscitur a sociis* would manifestly exclude this birch bark therefrom.

The judgment of the Board of General Appraisers is *affirmed.*