JAMES P. SMITH & Co. *v.* UNITED STATES (No. 3660)[1]

[1] T. D. 46971.

United States Court of Customs and Patent Appeals, March 19, 1934

*Walden & Webster* (*J. L. Klingaman* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson* and *Robert C. O'Grady*, special attorneys, of counsel), for the United States.

[Oral argument February 15, 1934, by Mr. Klingaman and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellant made six importations of mustard dross at the port of New York, under the Tariff Act of 1930. In each instance the collector assessed duty against the merchandise under the provisions of paragraph 1555 of said act, as waste, not specially provided for, at 10 per centum ad valorem. Five protests were filed, covering all the entries involved, in each of which protests the appellant claimed the goods to be free of duty under paragraph 1722 of said act as crude or unmanufactured vegetable substances, with an alternative claim of dutiability at 10 or 20 per centum ad valorem under paragraph 1558 of said act, as not enumerated unmanufactured or manufactured articles. The United States Customs Court, after hearing the case on the testimony submitted by appellant, overruled the protest and the importer has appealed.

The merchandise in question is described by the appraiser's special reports attached to the collector's reports, as illustrated by the answer in protest No. 41869, as follows:

The merchandise in question is described as mustard dross and consists of the residue of hull, bran, etc., left after the mustard has been made.

The testimony of the one witness called on behalf of the importer, together with the sample submitted, shows the imported merchandise to be a coarsely ground or cracked, branlike substance, having very little taste or smell, and light yellowish in color. The witness Hamilton testified:

The seed is put through a cracking process, and in the cracking the shell or the outside part of the bran, is separated, sometimes by a process of blowing, suction; sometimes by a process of screening.

The heart of the mustard seed, which is attempted to be recovered by this process, is used for making the ground mustard of commerce. The imported article is used as a filler for cheap wet mustard. It is used together with spices and vinegar, in which it is soluble, and in this condition constitutes wet mustard. It is sold by importer to the manufacturers of this mustard, in the same condition as it is when imported.

It is conceded by counsel for the appellant, in his oral argument, that the imported material is, in fact, waste. However, counsel insists that it is a crude vegetable substance and is more specifically described in the statute as such, and that it should therefore be free of duty as claimed. This constitutes the only issue in the case.

The relevant paragraphs are as follows:

PAR. 1555. Waste, not specially provided for, 10 per centum ad valorem.

PAR. 1722. Moss, seaweeds, and vegetable substances, crude or unmanufactured, not specially provided for.

This identical material has been frequently before the United States Customs Court (formerly the Board of General Appraisers) under various tariff acts. The first instance which has been called to our attention was in the matter of the protest of *Potter Parlin Co.*, reported in T.D. 14739, Synopsis of Decisions, 1894, Treas. Dept., p. 156. There the material was classified for duty as waste under paragraph 472 of the Tariff Act of October 1, 1890. The board, speaking through Wilkinson, General Appraiser, sustained the importer's protest and held the imported article to be dutiable as a crude vegetable substance under paragraph 653 of said act.

However, in the protest of *Ransom et al.*, reported in Abstract 21791, 18 Treas. Dec. 132, the same material had been classified by the collector as an unenumerated manufactured article under section 6 of the Tariff Act of July 24, 1897. It was claimed to be free of duty under paragraph 617 of the same act as a crude vegetable substance. The board, speaking through Waite, General Appraiser, and referring particularly to *Dodge* v. *United States*, 84 Fed. 449, expressed the view that, under the doctrine of *noscitur a sociis*, the mustard dross could not properly come within the purview of said paragraph 617, and concluded by holding that it was properly dutiable as waste under paragraph 463 of that act.

Since that time, the Board of General Appraisers, now the United States Customs Court, has uniformly adhered to the conclusion of General Appraiser Waite. See the protest of *Ransom*, Abstract 39877, 30 Treas. Dec. 1068, which was decided under the Tariff Act of October 3, 1913; *In re Amerman & Patterson*, Abstract 39991, 31 Treas. Dec. 46, under said Tariff Act of 1913; *In re Chance's Sons*, Abstract 40688, 32 Treas. Dec. 771, under the same act; *In re Chance's Sons*, Abstract 42137, 34 Treas. Dec. 698, under the same act.

Section 384 of the Tariff Act of October 3, 1913, providing for the classification of waste, was repeated without change in paragraph 1457 of the Tariff Act of 1922 and in paragraph 1555 of the Tariff Act of 1930. Paragraph 552 of the Tariff Act of October 3, 1913, providing for crude vegetable substances, was repeated without change in paragraph 1622 of the Tariff Act of 1922, and in paragraph 1722 of the Tariff Act of 1930. It will be assumed that this long line

of uniform judicial holdings on this subject was within the knowledge of Congress, and that said decisions were assented to and approved by the reenactment into subsequent law of the language under which these decisions were rendered, by the Congress.

It is argued that the decision in *Dodge* v. *United States, supra*, was afterwards repudiated and departed from by this court in *Reed & Keller* v. *United States*, 5 Ct. Cust. Appls. 95, T.D. 34133. We do not so understand it. In the last-cited case, this court had before it birch bark in large pieces, which was classified by the collector as nonenumerated unmanufactured articles, and was claimed to be free of duty under paragraph 630 of the Tariff Act of August 5, 1909, as crude vegetable substance. This court, speaking through Barber, Judge, while it concluded that a strict conformity of the rule of *ejusdem generis* could not always be applied to said provision for crude vegetable substances, nevertheless did apply the rule in that case, and concluded that the birch bark in question could not be held to be such a crude vegetable substance. The court concluded its opinion with this expression: "The rule of *noscitur a sociis* would manifestly exclude this birch bark therefrom."

A number of cases are cited by counsel for the importer which, it is claimed, announced a different rule than that announced by the Board of General Appraisers in the cases on mustard dross heretofore noted. These cases include *In re McNiven*, T.D. 16228, Synopsis of Decisions, 1895, Treas. Dept., p. 680. Here the imported goods, oat hulls, which included no part of the seed, were assessed for duty as nonenumerated manufactured articles, and were claimed to be free as crude vegetable substance under paragraph 558 of the Tariff Act of August 27, 1894. The protest was sustained. In the case of the protest of *Haskell & Co.*, under the Tariff Act of October 1, 1890, reported in T.D. 15399, Synopsis of Decisions, 1894, Treas. Dept., p. 799, oat-seed hulls of similar character were imported, assessed for duty as manufactured articles, and were held free of duty as crude vegetable substance. In the protest of *Goessling & Co.*, T.D. 23431, 4 Treas. Dec. 989, pea hulls, including no part of the peas, had been classified as unenumerated manufactured articles, and were held to be free of duty as crude vegetable substances under the tariff acts of August 27, 1894, and July 24, 1897. We are unable to conclude, from a review of these decisions, that they should be held as announcing a rule which should be taken as overriding the uniform line of judicial decisions on mustard dross which we have hereinbefore commented upon.

Being of opinion that the classification of the article now before the court has been fixed by the decisions of the United States Customs Court, formerly the Board of General Appraisers, and that such construction has received legislative ratification, it does not appear to be

necessary for the court to determine, at this time, whether, in the absence of such legislative ratification, the imported article would be properly classifiable as a crude vegetable substance, as claimed.

The judgment of the United States Customs Court is *affirmed*.