(C. D. 1646)

STACKS *v.* UNITED STATES

United States Customs Court, Third Division

(Decided October 21, 1954)

*John D. Rode* (*Ellsworth F. Qualey* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Dorothy C. Bennett*, trial attorney), for the defendant.

Before EKWALL and JOHNSON, Judges

JOHNSON, Judge: This is a protest against the collector's assessment of duty on so-called "Medagli Papali or Medals" at 32½ per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 4, 1948, T. D. 51909, as manufactures of gold. While a number of claims are made in the protest and amendments thereto, those relied upon are that the articles are free of duty under paragraph 1717 of the Tariff Act of 1930, as medals of gold "actually bestowed by foreign countries or citizens of foreign countries as trophies or prizes, and received and accepted as honorary distinctions," or under paragraph 1811, as artistic antiquities, produced prior to 1830.

The pertinent provisions of the tariff act and its modifications are as follows:

PAR. 397 [as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 4, 1948, T. D. 51909].

Articles or wares not specially provided for, whether partly or
   wholly manufactured:
      Composed wholly or in chief value of gold, or plated with gold, .
        or colored with gold lacquer_____ 32½% ad val.

PAR. 1717 [Tariff Act of 1930]. Medals of gold, silver, or copper, and other metallic articles actually bestowed by foreign countries or citizens of foreign

countries as trophies or prizes, and received and accepted as honorary distinctions. [Free.]

PAR. 1811 [Tariff Act of 1930]. Works of art * * * artistic antiquities, and objects of art of ornamental character or educational value which shall have been produced prior to the year 1830, but the free importation of such objects shall be subject to such regulations as to proof of antiquity as the Secretary of the Treasury may prescribe. * * * [Free.]

This case has been submitted upon the following stipulation of fact:

IT IS HEREBY STIPULATED AND AGREED by and between the Assistant Attorney General for the United States and the attorney for the plaintiff herein, subject to the approval of the Court, that the merchandise covered by the above entitled protest consists of 19 medals, wholly or in chief value of gold, described on the entry in the protest as items 402 through 420 inclusive, and classified and assessed with duty in the liquidation of the entry at the rate of 32½ per centum ad valorem under the provisions of Paragraph 397 of the Tariff Act of 1930 as modified by the Trade Agreement with China, T. D. 51909, effectuating the General Agreement on Tariffs and Trade, T. D. 51802; that such medals are known as Papal Medals; that a description thereof appears on the invoice attached to and made a part of the official papers in the protests; that these medals were designed by recognized artists under commissions from the Vatican Chancery and were issued during the reigns of various Popes of the Roman Catholic Church from Urban VIII (1623–1644) to Pius XII (1939–) inclusive; that such medals were bestowed by the Popes upon various individuals of note in recognition of and as a reward for exceptional services rendered to the Roman Catholic Church; that such medals were received and accepted by the donees as honorary distinctions; that the present shipment, covered by the above entitled protest, consists of a collection of such medals known as the Ovazzo collection and imported by the plaintiff on consignment for sale.

IT IS FURTHER STIPULATED AND AGREED, that items 402 through 408 inclusive listed on the entry papers are artistic antiquities produced prior to 1830; that all customs regulations relating to free entry under Paragraph 1811 of the Tariff Act of 1930 have now been complied with except that no claim for classification as artistic antiquities was made at the time of entry or prior to examination by the customs officials for classification and appraisement purposes, as required by Section 10.53 (f) of the Customs Regulations of 1943, as amended by T. D. 52084.

IT IS FURTHER STIPULATED AND AGREED, that the photographs attached to this stipulation are photographs of the medals involved in this protest and are a correct representation thereof and that such photographs may be admitted in evidence as Plaintiff's Collective Illustrative Exhibit 1.

IT IS FURTHER STIPULATED AND AGREED, that the protest be submitted to the Court on the basis of this stipulation and that the plaintiff herein be allowed a period of 30 days from the date of submission in which to file a brief and the defendant be granted 30 days thereafter in which to file a reply.

While no evidence has been presented, importer's counsel and the attorney for the Government have entered into a stipulation, stating that the medals were bestowed by various popes of the Roman Catholic Church upon individuals of note in recognition of and as a reward for exceptional services rendered to the said church and were received and accepted by the donees as honorary distinctions. It

was also agreed that the articles constituted a collection known as the Ovazzo collection and were consigned to the plaintiff for sale. Such a stipulation establishes the facts of the case and is binding upon the parties. *Smith & Nichols (Inc.)* v. *United States*, 18 C. C. P. A. (Customs) 16, T. D. 43974; *Pacific Trading Co.* v. *United States*, 19 C. C. P. A. (Customs) 361, T. D. 45508; *H. A. Whitacre, Inc.* v. *United States*, 22 C. C. P. A. (Customs) 623, T. D. 47615.

In order to meet the requirements of paragraph 1717, *supra*, the articles must have been actually bestowed by a foreign country or citizen thereof as trophies or prizes, and received and accepted as honorary distinctions. *Robert H. Davis* v. *United States*, 72 Treas. Dec. 285, T. D. 49150; *H. E. Gillingham* v. *United States*, 58 Treas. Dec. 1060, Abstract 13579. In the case first cited, it was held that the qualifying words applied to medals of gold, silver, or copper, as well as to other metallic articles. In discussing the history of the paragraph, the court quoted from *American Express Co.* v. *United States*, 3 Ct. Cust. Appls. 490, T. D. 33125, and stated (p. 288):

> In our opinion it is manifest that the meaning of the above quotation is that the classification and scope of the entire paragraph 551 of the act of 1894 was enlarged by the addition of "other metallic articles" and at the same time restricted by the additional requirements that the articles enumerated in said paragraph must be "actually received or bestowed and accepted as honorary distinctions." In other words, the paragraph contemplates no article which is not actually received or bestowed and accepted as an honorary distinction.

In the instant case, the agreed statement of facts shows that the medals were actually bestowed by a foreign country or citizen thereof and were received as honorary distinctions. A further point to be considered, however, is whether they constitute such "trophies or prizes," as are contemplated by paragraph 1717. By definition, a medal is a disk of metal commemorative of some event or some deed of bravery, scientific research, or literary production, or intended to preserve the remembrance of an event or an illustrious person or to serve as an award. Funk & Wagnalls New Standard Dictionary (1942 edition); Webster's New International Dictionary (1953 edition). These authorities define "trophy" as a memento or a memorial, and "prize" as that which is offered or won as an honor or a reward for excellence or success or as anything worth striving for.

In *Carleton S. Gifford* v. *United States*, 45 Treas. Dec. 996, Abstract 47460, it was held that merchandise consisting of a gilded chain, from which were suspended several medals and war crosses, was entitled to free entry under paragraph 1617 of the Tariff Act of 1922 (the predecessor to paragraph 1717 of the present tariff act). The court found that the medals and crosses represented certain services to Germany and were of a character which indicated that they had actually been bestowed on some one for bravery.

On the other hand, in *American Express Co.* v. *United States*, 56 Treas. Dec. 858, Abstract 9921, it was held that medals issued by an Italian telegraph company to commemorate the laying of a cable between the United States and Italy were not entitled to free entry under paragraph 1617 of the Tariff Act of 1922. There, however, it appeared that the recipient had been given the medal for his services in looking after the interests of the Italian company here and in selling stock; services evidently of a commercial nature and probably in the line of his duties.

While the medals in the instant case were not won as prizes in a contest, neither were they given for services of a commercial nature. They are of the same general character as those in *Carleton S. Gifford* v. *United States, supra,* in that they were awarded for exceptional services rendered. There, the services were apparently of a patriotic kind, while here, they were no doubt of a religious nature. In our view, the medals before us fall within the meaning of the words "trophies or prizes," as used in paragraph 1717, *supra.*

Another point to consider is whether the articles covered by paragraph 1717 are limited to those imported by or for the account of the person on whom they were bestowed. It was held under the Tariff Act of 1897 that cups, which had been bequeathed to the importer by his uncle, to whom they had been presented by associates on the India railways, were not entitled to free entry under a provision for "Medals of gold, silver, or copper, and other metallic articles actually bestowed as trophies or prizes, and received and accepted as honorary distinctions." *O. G. Hempstead & Son* v. *United States*, 7 Treas. Dec. 1106, Abstract 2089. The court noted that to find for the importer "would be to hold that any article of metal which had at some time in its existence been the subject of a gift or presentation was for that reason free of duty when imported into this country. We do not believe this to be in accord with the intent of the statute."

On the other hand, it was held in *Carleton S. Gifford* v. *United States, supra,* that the articles, which were imported as a historical collection and not by or on behalf of the donees, were entitled to free entry under paragraph 1617 of the Tariff Act of 1922.

When the Tariff Act of 1930 was being prepared, the latter case was called to the attention of Congress. The Summary of Tariff Information, 1929, states (pp. 2442–2443):

**Description and uses.**—The medals or trophies herein specified are bestowed as honorary distinctions or awards, usually to individuals. They have little or no resale value and are but seldom used as articles of commerce.

    \*      \*      \*      \*      \*      \*      \*

*Medals* collected for historical purposes and representing certain services to Germany, purchased for possession of the articles rather than to wear or to sell or place in a museum, and not commercially or commonly known as jewelry, were held exempt from duty under paragraph 1617. (Ab. 47460.)

The subsequent reenactment of the provision in the same language is an indication of congressional approval of the judicial construction in that case. *August Bentkamp* v. *United States*, 40 C. C. P. A. (Customs) 70, C. A. D. 500.

We note also that in a case which arose after 1930, but which involved the Tariff Act of 1922, it was held that cups, which had been bestowed by a foreign country as trophies or prizes upon the father of the importer and received and accepted by him as honorary distinctions, were entitled to free entry. *E. P. Kaye* v. *United States*, 63 Treas. Dec. 1601, Abstract 24467.

Although the Commissioner of Customs ruled that that case should not be followed (64 Treas. Dec. 190, 191, T. D. 46602), this ruling has never been approved by the courts.

In our opinion, it is doubtful that Congress actually intended to include under paragraph 1717 articles, such as those involved herein, which have been imported commercially for the purpose of sale. However, since Congress did not make such a limitation in the statute, although restrictions have been added from time to time when predecessor paragraphs were enacted, we are constrained to hold that the instant merchandise falls within the provisions of paragraph 1717 and is entitled to free entry thereunder.

In view of this holding, it is unnecessary to consider plaintiff's alternative claim that seven of the medals, Nos. 402 through 408, are entitled to free entry under paragraph 1811, as artistic antiquities produced prior to 1830.

For the reasons stated, we hold that the imported articles are entitled to free entry under paragraph 1717 of the Tariff Act of 1930, as medals of gold "actually bestowed by foreign countries or citizens of foreign countries as trophies or prizes, and received and accepted as honorary distinctions."

The protest is sustained and judgment will be rendered accordingly.